Ronald Leroy KENNEDY, Appellant
(Defendant below),

v.

The STATE of Wyoming, Appellee
(Plaintiff below).

Jerry Lee JENKINS, Appellant
(Defendant below),

v.

The STATE of Wyoming, Appellee
(Plaintiff below).

Nos. 4898, 4899.

Supreme Court of Wyoming.

May 16, 1979.

Gerald M. Gallivan, Director, Wyoming Defender Aid Program, and David F. Evans, Student Intern, Wyoming Defender Aid Program, Laramie, for appellants.

V. Frank Mendicino, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Richard H. Honaker, Asst. Atty. Gen., Sharon A. Fitzgerald, Senior Law Student and Intern, Cheyenne, and ·W. Thomas Sullins, II, Casper, Deputy County Atty., Natrona County, for appellee.

Before McCLINTOCK, THOMAS and ROSE, JJ., GUTHRIE, J., ret.,* and NICHOLAS, District Judge.

W. J. NICHOLAS, District Judge.

Appellants were mandatorily sentenced by the district court to life imprisonment after the death penalty for murder was set aside by this court. See *Kennedy v. State*, Wyo., 559 P.2d 1014 (1977). Appellants now complain because the judge ordered that the new sentences be served consecutively to sentences imposed for other offenses committed at approximately the same time as the murder. Their arguments are specious, and largely rhetorical.

Separate penalties will ordinarily be exacted upon convictions for distinct offenses. 21 Am.Jur.2d Criminal Law, § 525, p. 509; § 546, p. 522; § 547, p. 523, et seq.; 24 C.J.S. Criminal Law § 1567(3), p. 424, et seq. The sentencing judge in his discretion should determine whether the sentences

---

* At the time of oral argument, GUTHRIE, J., was Chief Justice. He retired from the court on December 31, 1978. By order of the court entered on January 1, 1979, he has been retained in active judicial service pursuant to § 5, Art. 5, Wyo.Const., and § 5–1–106(f), W.S. 1977, and has continued to participate in the decision and opinion of the court in this case. RAPER, C. J., did not participate.

shall be served concurrently or consecutively. *Arnold v. State*, 76 Wyo. 445, 306 P.2d 368, 65 A.L.R.2d 839 (1957); 24 C.J.S. Criminal Law § 1581e, p. 570; 24B C.J.S. Criminal Law § 1994, p. 627, et seq.

Cases cited by the appellants to the effect that maximum sentences should commence with initial incarceration (e. g., *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1968) ), and to the effect that ambiguities in the system should be resolved so as to accommodate early consideration for parole (e. g., *Vickers v. Haynes*, 539 F.2d 1005 (4th Cir. 1976) ) have no application here. In Wyoming, there is no parole from a sentence for life. (§ 7–13–201 and § 7–13–402(a), W.S.1977).[1] Possibilities of commutation are matters within the constitutional prerogative of the executive department (Art. 4, § 5, Wyo. Const.)[2], and do not concern the court. *In re Moore*, 4 Wyo. 98, 31 P. 980 (1893); 16 C.J.S. Constitutional Law § 156, p. 821, n.97; § 157, p. 830; 59 Am.Jur.2d Pardon

and Parole, § 22, p. 15; § 43, p. 28. Neither does this case involve multiple punishments for the same offense.

Appellant Kennedy also complains of ineffectiveness of counsel who was specially appointed to represent him at the sentencing hearing. The complaint is without merit. The record does not disclose a factual basis for the complaint or for appellant's assertions. No prejudice is shown as would be necessary for relief. *Ash v. State*, Wyo., 555 P.2d 221, rehearing denied 560 P.2d 369, certiorari denied 434 U.S. 842, 98 S.Ct. 139, 54 L.Ed.2d 106 (1976).

The orders of the sentencing court are affirmed.

---

1. Section 7–13 201 provides for an indeterminate sentence and sets the stage for parole:

   "When a convict is sentenced to the state penitentiary, *otherwise than for life*, for an *offense or crime, the court imposing the sentence shall not fix a definite term of imprisonment, but shall establish a maximum and minimum term for which said convict shall be held in said prison. . . .*" (Emphasis added.)

   Section 7–13 402(a) empowering the parole board to grant paroles provides similarly:

   "(a) The board shall have the power to grant a parole . . . *to any person imprisoned in any institution under sentence ordered by any district court of this state, other than a life sentence,* . . . ." (Emphasis added.)

   In this regard the statutes have been the same since 1909.

2. Art. 4, § 5, Wyo.Const.:

   "The governor shall have power to . . . grant reprieves, commutations and pardons *after conviction, for all offenses except treason and cases of impeachment;* but the legislature may by law regulate the manner in which the . . . commutations . . . may be applied for. . . ."