**Anthony DELOACH,
Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT,
Respondent-Appellee.**

No. 85–5367
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 12, 1985.

tion.

Jim Smith, Atty. Gen., Tallahassee, Fla., Calianne P. Lantz, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before RONEY, HENDERSON and HATCHETT, Circuit Judges.

PER CURIAM:

In this appeal from the denial of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, the appellant, Anthony Deloach, a convicted Florida felon, raises four issues: (1) that his lawyer was ineffective because he failed to explain premeditation in this murder case; (2) that his guilty plea was involuntary because the sentencing court misinformed him of the sentences for murder and robbery; (3) that his lawyer had a conflict of interest; and (4) that being sentenced for both felony murder and the underlying felony violated the double jeopardy clause. We affirm.

The claim that his attorney had a conflict of interest is not developed on appeal and is therefore considered waived. *Rogero v. Noone*, 704 F.2d 518 (11th Cir.1983).

On the claim of ineffective assistance of counsel, we find that Deloach's counsel was not ineffective for failing to explain premeditation because Deloach was charged and pleaded guilty to felony murder, not premeditated murder.

As to the claim of misinformation regarding the maximum sentence, the record indicates that the trial judge at one point misstated the maximum sentence applicable to murder, but corrected this misstatement later during discussions with Deloach, and his family members. In general, the trial transcript indicates that the guilty plea was made knowingly and voluntarily.

Deloach's claim that his sentences for both felony murder and the underlying felony violate the double jeopardy clause presents a more substantial issue. We are, however, bound by the Supreme Court of Florida's interpretation of its legislative enactments. Our review of a state prisoner's claim that a state sentencing procedure violated the double jeopardy clause is limited. "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983). "Where ... a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct ..., a court's task of statutory construction is at

an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." *Missouri v. Hunter* at 368–69, 103 S.Ct. at 679. The Supreme Court of Florida has recently considered the exact issue raised by Deloach. In *State v. Enmund,* 476 So.2d 165, No. 66264 (Fla. August 29, 1985), *reh'g. denied,* October 18, 1985, (unpublished), the Supreme Court of Florida found "sufficient intent that the legislature intended multiple punishments when both a murder and a felony occur during a single criminal episode." Accordingly, under our limited right of review of this issue, we hold that Florida properly convicted and sentenced Deloach for murder and the underlying felony without violating the double jeopardy clause.

**AFFIRMED.**