**Charles Edward BIRR, Petitioner–Appellant,**

v.

**Duane SHILLINGER; and the Attorney General of the State of Wyoming, Respondents–Appellees.**

**No. 88–1798.**

United States Court of Appeals, Tenth Circuit.

Jan. 22, 1990.

---

Charles Edward Birr, pro se.

Terry L. Armitage, Asst. Atty. Gen., Cheyenne, Wyo., for respondents-appellees.

Before BALDOCK, BRORBY and EBEL, Circuit Judges.

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner Charles Edward Birr has appealed from the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Following a guilty plea, petitioner was convicted by a Wyoming court of accessory to felony murder and accessory to the underlying felony of aggravated robbery. Petitioner was sentenced to life imprisonment for the murder and twenty to twenty-five years for the robbery with the sentences to run consecutively. The convictions and the sentences were affirmed by the Wyoming Supreme Court on direct appeal. *Birr v. State,* 744 P.2d 1117 (Wyo.1987).

In support of his request for federal habeas relief, petitioner has argued that his sentences for both felony murder and the underlying felony violate the constitutional guarantee against double jeopardy. The double jeopardy clause serves three primary purposes. "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after a conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969).

Petitioner's argument rests on the third protection. Our review of this claim, however, is limited. In cumulative sentencing situations, such as here, the double jeopardy clause "does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983). In assessing whether a state legislature intended to prescribe cumulative punishments for a single criminal incident, we are bound by a state court's determination of the legislature's intent. *See Ohio v. Johnson,* 467 U.S. 493, 499, 104 S.Ct. 2536, 2540, 81 L.Ed.2d 425 (1984)("We accept, as we must, the Ohio Supreme Court's determination that the Ohio legislature did not intend cumulative punishment for the two pairs of crimes involved here."); *Missouri v. Hunter,* 459 U.S. at 368, 103 S.Ct. at 679 ("In addition, the Missouri Supreme Court has recognized that the legislature intended that punishment for violations of the statutes be cumulative. We are bound to accept the Missouri court's construction of that State's statutes."). Thus, for purposes of double jeopardy analysis, once a state court has determined that the state legislature intended cumulative punishments, a federal habeas court must defer to that determination. *See, e.g., Banner v. Davis,* 886 F.2d 777, 780 (6th Cir.1989) (federal court bound by Tennessee Supreme Court decision that the Tennessee legislature intended cumulative punishment for

aggravated assault and firing into an occupied dwelling); *Deloach v. Wainwright,* 777 F.2d 1524, 1525–26 (11th Cir.1985)(federal court bound by Florida Supreme Court finding that the Florida legislature intended multiple punishments for felony murder and the underlying felony).

Here, a majority of the Wyoming Supreme Court, in affirming petitioner's convictions and sentences over the dissent of two justices, held that the Wyoming legislature intended cumulative punishment for accessory to felony murder and accessory to the underlying felony of aggravated robbery. *Birr,* 744 P.2d at 1120–22. The majority's interpretation of the legislative intent for the imposition of multiple punishments is binding on this court irrespective of the views of the dissenters. Therefore, since the requisite legislative intent to impose multiple punishments exists, we find no violation of the double jeopardy clause.

Accordingly, the judgment of the United States District Court for the District of Wyoming is AFFIRMED.