**Richard Lee CASTLE, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 91–233.**

Supreme Court of Wyoming.

Nov. 30, 1992.

Robert B. Brodie of Goody & Brodie, Jackson, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia L. Hackl, Deputy Atty. Gen., Barbara L. Boyer, Sr. Asst. Atty. Gen., Mary Beth Wolff, Asst. Atty. Gen., and Prosecution Assistance Program: Theodore E. Lauer, Director; Lynda A. Limon, Student Intern, Cheyenne, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT * and GOLDEN, JJ.

GOLDEN, Justice.

Pursuant to a plea agreement, Richard Lee Castle, the appellant, pleaded guilty to an amended three-count information charging him with felony murder, aggravated kidnapping, and first degree sexual assault. The district court sentenced him to a life sentence on the felony murder, a life sentence on the aggravated kidnapping, and a term of forty-five to fifty years on the sexual assault, the sentences to be served consecutively. On appeal, Castle asserts that because these consecutive sentences prevent him from re-entering society, his reformation and rehabilitation cannot possibly occur. Therefore, he reasons, these sentences violate Article 1, Section 15 of the Wyoming Constitution, which reads: "The penal code shall be framed on the humane principles of reformation and prevention." As a proposed remedy for this alleged constitutional violation, Castle asks this court to modify his sentence so "that one or more of the sentences would run concurrently."

Although we hold that the consecutive sentences imposed on Castle for the heinous crimes he committed do not violate Wyo. Const. art. 1, § 15, as he asserts, our recent decisions in *Cook v. State*, 841 P.2d 1345 (Wyo.1992), and *Peterson v. State*, 841 P.2d 1345 (Wyo.1992), overruling *Birr*

* Chief Justice at time of oral argument.

*v. State,* 744 P.2d 1117 (Wyo.1987), *cert. denied* 496 U.S. 940, 110 S.Ct. 3224, 110 L.Ed.2d 671 (1990), compel this court to vacate the sentence of forty-five to fifty years on the sexual assault conviction, since that felony was the underlying felony for the purposes of the felony murder conviction.

The district court's imposition of the three consecutive sentences grew out of Castle's kidnapping of a five-year-old child from her home in Sheridan County, Wyoming, on the night of October 5 and early morning of October 6, 1990. At a location about three miles north of town, near Goose Creek, Castle committed a brutal sexual assault upon the victim. During this criminal episode, the victim was killed. Authorities listed drowning as the cause of her death.

### DISCUSSION

Article 1, Section 15 of The Wyoming Constitution reads:

> The penal code shall be framed on the humane principles of reformation and prevention.

In *Jahnke v. State,* 692 P.2d 911, 930 (Wyo.1984), this court observed that this constitutional provision "speaks to the penal code, not to sentencing, and we are unable to detect any intent on the part of the Constitutional Convention to so limit the discretion of sentencing judges in criminal cases." In that case, defense appellate counsel had asserted that the only factors which a sentencing court may consider in the imposition of a sentence are prevention and rehabilitation. *Id.* Rejecting that assertion, we reaffirmed the rule that a sentence within the statutory limits will not be disturbed upon appeal absent a clear abuse of discretion. *Id.*

■ Castle has not provided us with any evidence showing an intent on the part of the framers of our state constitution to limit the discretion of sentencing judges in criminal cases. He has not referred us to any decision of this court that holds a criminal sentence, which does not provide for the convicted person's return to society, as violative of Wyo. Const. art. 1, § 15 of the State Charter. He has not shown an abuse of discretion on the part of the sentencing judge in his imposition of the three sentences in question.

We agree with the state's observation that Castle's argument, if accepted, would have an effect farther reaching than making one or more of his sentences run concurrently. Were we to hold that a criminal sentence which prevents a convicted person from ever re-entering society violates Wyo. Const. art. 1, § 15, then the invalidity of the present sentencing system authorizing a "total life sentence" would ineluctably follow. "In Wyoming, there is no parole from a sentence for life. * * * Possibilities of commutation are matters within the constitutional prerogative of the executive department [Wyo. Const. art. 4, § 5], and do not concern the court." *Kennedy v. State,* 595 P.2d 577, 578 (Wyo.1979) (citations omitted). Castle has articulated no convincing reason that would move us to declare the invalidity of the present sentencing system.

As the state points out, this court effectively answered the question raised here by Castle when it held that the death penalty provisions do not violate Wyo. Const. art. 1, § 15. *Hopkinson v. State,* 664 P.2d 43, 64 (Wyo.1983), *cert. denied,* 464 U.S. 908, 104 S.Ct. 262, 78 L.Ed.2d 246. If the death penalty, which results in the ultimate irrevocable separation from society, is seen "as framed on the human principles of reformation and prevention," then a life sentence without possibility of return to society passes muster as well. *Id.*

■ The above and foregoing discussion notwithstanding, our recent decisions in *Cook* and *Peterson,* overruling *Birr,* dictate that we strike the sentence of forty-five to fifty years on Castle's sexual assault conviction. Since the sexual assault felony was the underlying felony for the felony murder conviction, *Cook* and *Peterson* require that only the felony murder sentence of life imprisonment be imposed.

In concluding, we feel compelled to underscore the bottom line in this decision. We recognize that the legislature created

the felony murder statute to elevate a killing that results during the commission of a felony to the equivalent of murder in the first degree for penalty considerations. In doing so, the underlying felony must be acknowledged through a finding of guilt and conviction of the offense. In this case, without a finding of guilt and conviction of the heinous sexual assault of the victim, Castle's felony murder conviction would not stand. We interpret this to mean that the legislature did not intend for the underlying felony to be swept away or ignored; much to the contrary, it is an essential element to the successful conviction of felony murder. With the state's establishment of the underlying felony and the subsequent murder in the course of its commission, the perpetrator is then eligible for the severest penalties this state may impose: a sentence of death or life imprisonment without parole. This is and remains the bottom line; it does not change as a result of the lack of sentence on the underlying felony. The fact remains that the appellant has but one life to give, whether in imprisonment or execution. The absence of a sentence on the underlying felony does not and will not ever change this granite-hard certainty.

We find that the legislature has given great significance to the crime of sexual assault in that it may invoke a felony murder charge. The seriousness of this underlying felony is understood when the penalty for felony murder is realized. As a result, we herewith modify Castle's punishment of two life sentences and a term of forty-five to fifty years, consecutive, to punishment of two life sentences, consecutive.

Affirmed as modified.

MACY, C.J., filed an opinion, concurring in part and specially concurring in part.

THOMAS, J., filed a dissenting opinion.

MACY, Chief Justice, concurring in part and specially concurring in part.

I fully concur in that portion of the opinion which holds that consecutive sentencing

does not violate Article 1, Section 15 of the Wyoming Constitution.

Acknowledging that *Birr v. State*, 744 P.2d 1117 (Wyo.1987), *habeas corpus denied*, 894 F.2d 1160, *cert. denied*, 496 U.S. 940, 110 S.Ct. 3224, 110 L.Ed.2d 671 (1990), has been overruled by *Cook v. State*, 841 P.2d 1345 (Wyo.1992), I specially concur in that portion of this opinion which strikes the appellant's sentence for committing the underlying sexual assault felony because that is the present status of the law in Wyoming. I do, however, continue to believe that the Wyoming Legislature's intent is that criminals convicted of both felony murder and the underlying felony be sentenced for both crimes. See my dissenting opinion in *Cook.*

THOMAS, Justice, dissenting.

We have found Cassandra.[1] The majority has concluded that it must invoke the rule in *Cook v. State, Peterson v. State*, 841 P.2d 1345 (Wyo.1992), to set aside Castle's sentence for sexual assault, even though Castle did not seek or argue for such a result. I must dissent consistently with my position in *Cook.* There is even less justification in this case for the setting aside of the sentence for the predicate felony than there was in *Cook.*

Like Cook and Peterson, Castle entered his pleas of guilty pursuant to a plea bargain, by virtue of which he avoided the possibility of a capital sentence. Our rule is that a plea of guilty waives all non-jurisdictional defects. *Duffy v. State*, 837 P.2d 1047 (Wyo.1992); *Davila v. State*, 831 P.2d 204 (Wyo.1992), and cases cited. Again, like Cook and Peterson, Castle fails to demonstrate any jurisdictional defect. Castle chose to premise his appeal upon a violation of Wyo. Const. art. 1, § 15. Castle says in his Brief for Appellant at 3:

> The desired result, should the appellant prevail, would be to have his sentence corrected such that one or more of the sentences would run concurrently. **Appellant does not challenge the validity**

1. See *Cook v. State, Peterson v. State*, 841 P.2d    1345 (Wyo.1992) (Thomas, J., dissenting).

of his guilty pleas or wish to have them overturned.

The majority has rejected the claim asserted by Castle, but it has, of its own motion, invoked the *Cook* proposition to strike the sentence on the sexual assault conviction, without the benefit of briefing or argument by either side. Castle has received far more than he requested.

Recent newspaper headlines proclaimed the fact that the United States is the most prone to violence of all of the industrialized nations. A failure to punish appropriately each and every act of criminal conduct does little to address this serious social problem. Even though imposition of separate punishments is of no help to a murdered child, the enforcement of all the penalties, or the failure to enforce them, does manifest the attitude of our society toward violent criminal conduct.

There is no need to reiterate here all of the concerns I expressed in my dissenting opinion in *Cook*. Perhaps it suffices to note that the denigration of the value of a young life may be more profound. Certainly, there is little value attached by this decision to the right of a little girl not to be cruelly assaulted and have the most delicate aspects of her physical integrity carefully protected by our rules of law. Like the robbery in *Cook*, the sexual assault in this case served simply as a predicate for invoking the first degree murder statute. The sexual assault did not become a lesser included offense of first degree murder, and I have no question that the legislature intended to punish the crimes separately.

I would affirm the trial court's judgment and sentence without cavilling about any double punishment. Castle got a good deal in his plea bargain, and the law should require that he abide by it.