**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 16 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EARNEST MONCADA,

      Petitioner - Appellant,

vs.

GARY L. GIBSON, Warden,

      Respondent - Appellee.

No. 00-6460
(D.C. No. 99-CV-1766-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

Mr. Moncada, a state inmate appearing pro se, applies for a certificate of appealability ("COA") to appeal the district court's denial of his habeas corpus petition, 28 U.S.C. § 2254. Mr. Moncada was convicted of assault and battery with a deadly weapon and second-degree burglary in Oklahoma state court. II R. at 134. He received concurrent sentences of 999 and 979 years for the respective

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

crimes. Id. at 135.

In his petition for habeas relief filed in federal district court, Mr. Moncada asserted four grounds for relief, including a claim that his conviction violated his double jeopardy rights. I R. doc. 1, at 5-9. The matter was referred to a magistrate judge, who recommended that the petition be denied. I R. doc. 22, at 16-17. The magistrate judge advised Mr. Moncada that "failure to make timely objection to th[e] Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein." Id. at 17 (citing Moore v. United States, 950 F.2d 656 (10th Cir. 1991)).

Mr. Moncada objected only to the magistrate judge's resolution of his double jeopardy claim. I R. doc. 23, at 2-3. The district court affirmed and adopted the magistrate judge's report and recommendation, I R. doc. 24, at 1-2, and subsequently denied Mr. Moncada's request for a COA. I R. doc. 32, at 1.

Mr. Moncada now applies to this court for a COA, asserting that he is actually innocent and that his conviction violated double jeopardy. We consider only the latter argument because Mr. Moncada did not object to the magistrate judge's finding that there was sufficient evidence to support his conviction. Moore, 950 F.2d at 659. The essence of Mr. Moncada's double jeopardy claim is that he was punished twice for the same crime insofar as his "conviction of burglary is premised upon his intent to commit an assault . . . ." Pet. Amend. Br.

2

at 6.

To obtain a COA, Mr. Moncada must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We have reviewed the record, including Mr. Moncada's habeas petition, the magistrate judge's report and recommendation, the district court's order, and Mr. Moncada's COA application, amended application, and opening brief. Having done so, we hold that a COA should not issue for substantially the same reasons given by the district court.

The Double Jeopardy Clause of the Fifth Amendment does not prohibit the imposition of cumulative punishments for separate crimes that arise from the same sequence of events, so long as such punishments are not greater than the legislature intended. Missouri v. Hunter, 459 U.S. 359, 366 (1983). "In assessing whether a state legislature intended to prescribe cumulative punishments for a single criminal incident, we are bound by a state court's determination of the legislature's intent." Birr v. Shillinger, 894 F.2d 1160, 1161 (10th Cir. 1990) (citation omitted). The OCCA has held that the Oklahoma legislature did not intend for "[b]urglary and other offenses committed within the structure burgled" to merge. Taylor v. State, 889 P.2d 319, 339 (Okla. Crim. App. 1995). "The burglary . . . perpetrated [is] complete when [the perpetrator] enter[s] the victims' residence with the intent to commit a crime." Id. Accordingly, Mr. Moncada has not

3

"demonstrate[d] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

We therefore DENY Mr. Moncada's COA application and DISMISS his petition.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge