**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 19, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIE C. CARSON,

      Petitioner - Appellant,

v.

RON WARD,

      Respondent - Appellee.

No. 06-6219
(D.C. No. CIV-05-1049-C)
(W.D. Okla.)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY***

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

      Willie Carson, an Oklahoma state prisoner proceeding pro se, seeks a

certificate of appealability ("COA") to appeal the district court's denial of his 28

U.S.C. § 2254 habeas petition. For substantially the same reasons set forth by the

district court, we **DENY** a COA and **DISMISS**.

      Carson challenges his convictions, following a jury trial, for possession of

cocaine with intent to distribute after four previous convictions (Count 1) and

---

     * This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th
Cir. R. 32.1 (eff. Jan. 1, 2007).

possession of marijuana (Count 2). He was sentenced to thirty years' imprisonment on Count 1 and six months' imprisonment on Count 2, to run consecutively. Carson exhausted his state remedies before bringing this timely petition in federal court. He advances five grounds for habeas relief: (1) His multiple convictions arose out of a single course of conduct and therefore constitute double jeopardy; (2) His sentence is excessive in violation of the Eighth Amendment; (3) He received ineffective assistance of appellate counsel; (4) The State failed to prove his prior convictions beyond a reasonable doubt; and (5) He received ineffective assistance of trial counsel.

The Oklahoma Court of Criminal Appeals ("OCCA") adjudicated Carson's first and second claims on direct appeal and his third claim in a post-conviction proceeding. As to these claims, a writ of habeas corpus may not issue unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In order to issue a COA on any of Carson's claims, we must determine that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).[1]

In a habeas petition alleging multiple punishment double jeopardy, such as Carson's, we review only to determine whether the trial court imposed a sentence greater than the legislature intended. Missouri v. Hunter, 459 U.S. 359, 368 (1983). "[W]e are bound by a state court's determination of the legislature's intent." Cummings v. Evans, 161 F.3d 610, 615 (10th Cir. 1998) (quoting Birr v. Shillinger, 894 F.2d 1160, 1161 (10th Cir. 1990). Thus, "if the highest state court determines that the legislature intended to punish separate offenses cumulatively, a federal habeas court must defer to that conclusion." Cummings, 161 F.3d at 615. The OCCA rejected Carson's double jeopardy claim after determining that his convictions arose from "two separate and distinct acts which . . . do not violate . . . the constitutional prohibition against double jeopardy." We defer to the OCCA's reasonable determination that the legislature intended to punish Carson's marijuana and cocaine offenses as separate and distinct acts.

Carson also contends that his sentence of 30.5 years is excessive in violation of the Eighth Amendment. A defendant's sentence does not violate the Eighth Amendment unless it is grossly disproportionate to his crimes. Hawkins v. Hargett, 200 F.3d 1279, 1282-83 (10th Cir. 2006). In reviewing for gross

---

[1] The Antiterrorism and Effective Death Penalty Act conditions a petitioner's right to appeal the denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A).

disproportionality, "[w]e are reluctant to interfere with the legislative determination of an appropriate sentence range." Id. at 1285. The OCCA determined that Carson's sentence was within the statutory range of punishment. See Okla. Stat. tit. 21, § 51.1(C). Moreover, the Supreme Court has held that a sentence of life without parole is not disproportionate to a first-time offender's conviction of possession of cocaine. Harmelin v. Michigan, 501 U.S. 957, 994 (1991). In light of Harmelin and the Oklahoma legislature's proper role in setting sentence ranges, we cannot say that Carson's sentence is grossly disproportionate. We accordingly dismiss his Eighth Amendment claim.

In his third ground for relief, Carson argues that he received ineffective assistance of appellate counsel. Under the two-part test established in Strickland v. Washington, 466 U.S. 668 (1984), Carson must prove that "counsel's representation fell below an objective standard of reasonableness" and that "any deficiencies in counsel's performance [were] prejudicial to the defense." Id. at 688, 692. We examine such claims with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

Carson contends that his appellate counsel was ineffective for failing to argue that the evidence was insufficient to support his conviction for possession of cocaine with intent to distribute. In reviewing the sufficiency of the evidence to support a conviction, we must determine "whether, viewing the evidence in the light most favorable to the government, a reasonable jury could have found the

-4-

defendant guilty of the crime beyond a reasonable doubt." United States v. Colonna, 360 F.3d 1169, 1178 (10th Cir. 2004). At Carson's trial, Oklahoma City Police Officer Earl Flanagan testified that the quantity of cocaine in Carson's possession and the absence of accompanying drug paraphernalia were consistent with distribution rather than personal use. This evidence is sufficient to support conviction of possession of cocaine with intent to distribute, and appellate counsel's failure to raise insufficiency of the evidence on direct appeal therefore did not prejudice Carson.

Carson also argues that appellate counsel should have raised an ineffective assistance of trial counsel claim because trial counsel failed to request a lesser included offense instruction of simple possession. However, Carson testified at trial that he never possessed the drugs at issue and neither used nor sold drugs. Because trial counsel may have reasonably structured the defense in hopes of obtaining outright acquittal on the charged offense, the decision not to request a lesser included offense instruction falls within the range of reasonable professional conduct. Appellate counsel was therefore not ineffective for failing to raise the deficiency of trial counsel, and the OCCA did not unreasonably apply Strickland in dismissing Carson's third claim.

Carson's fourth and fifth claims – that the State failed to prove his prior convictions beyond a reasonable doubt and that trial counsel was ineffective for not investigating these convictions – were defaulted in state court because Carson

failed to raise them on direct appeal as required by Oklahoma's Uniform Post-Conviction Procedure Act. Okla. St. tit. 22, § 1086. We are precluded from reviewing claims defaulted on adequate and independent state procedural grounds unless Carson demonstrates "cause and prejudice or a fundamental miscarriage of justice." Smith v. Mullin, 379 F.3d 919, 925 (10th Cir. 2004). Because Carson does not present evidence sufficient to meet the "cause and prejudice" or "fundamental miscarriage of justice" standards, we are foreclosed from considering these claims on the merits.[2]

Carson's request for a COA is **DENIED** and his petition is **DISMISSED**. We **GRANT** his motion to proceed on appeal in forma pauperis.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

---

[2] We have excepted ineffective assistance of trial counsel claims from the normal procedural default rules, determining that review is precluded "only when 'trial and appellate counsel differ' and the 'claim can be resolved upon the trial record alone.'" Mullin, 379 F.3d at 926 (quoting English v. Cody, 146 F.3d 1257, 1264 (10th Cir. 1998)). Different attorneys represented Carson at the trial and appellate levels, and Carson's claim of insufficient evidence to support his prior convictions can be evaluated on the trial record alone. Thus, Carson's ineffective assistance of trial counsel claim does not fall within our exception to normal procedural default rules.