**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 4, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MICHAEL ARMENDARIZ,

     Petitioner - Appellee,

v.

MARIANNA VIGIL, Warden; STATE OF
NEW MEXICO; HECTOR H.
BALDERAS, Attorney General for the
State of New Mexico;

     Respondents - Appellants.

No. 19-2206
(D.C. No. 1:18-CV-01144-WJ-CG)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Petitioner-Appellee Michael Armendariz is an inmate serving a sentence of life

imprisonment plus thirteen years in state prison in New Mexico. After exhausting his

state-court remedies, he filed a petition under 28 U.S.C. § 2254, alleging entitlement

to federal habeas relief on twelve different grounds. On recommendation of the

magistrate judge, the district court denied relief on eleven of the asserted grounds but

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

granted relief on the twelfth. The state now appeals. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

## BACKGROUND

Armendariz was found guilty of first-degree murder, attempted first-degree murder, aggravated battery, evidence tampering, and possession of a firearm by a felon. On direct appeal in state court, he argued his convictions for both aggravated battery (in violation of N.M. Stat. Ann. § 30-3-5 (1978)) and attempted first degree murder (in violation of N.M. Stat. Ann. §§ 30-28-1 (1978), 30-2-1 (1978)) violated the constitutional prohibition against double jeopardy because they arose out of the same conduct. The New Mexico Supreme Court rejected this argument in *State v. Armendariz*, 141 P.3d 526, 531–35 (N.M. 2006). Applying the "strict elements" test from *Blockburger v. United States*, 284 U.S. 299 (1932), the court concluded double jeopardy was not implicated by the multiple convictions because each offense included an element absent in the other. *Armendariz*, 141 P.3d at 533–35.

In 2013, however, the New Mexico Supreme Court overruled *Armendariz*, concluding that it had become "so unworkable as to be intolerable" in light of "modifications to double jeopardy jurisprudence" after *Armendariz*. *State v. Swick*, 279 P.3d 747, 754 (N.M. 2012). Those modifications brought New Mexico "more in line with United States Supreme Court precedent" so that "in the abstract, the application of *Blockburger* should not be so mechanical that it is enough for two statutes to have different elements." *Id.* The court concluded "the [New Mexico] Legislature did not intend multiple punishments for attempted murder and aggravated

2

battery arising from the same conduct because the latter is subsumed by the former," and so simultaneous convictions for both crimes arising from the same incident violate the prohibition on double jeopardy. *Id.*

After unsuccessfully pursuing state habeas relief, Armendariz filed a § 2254 petition in federal court in December 2018. A magistrate judge recommended his petition be granted as to the double jeopardy issue and that the aggravated battery conviction be vacated. The state objected, and the district court overruled those objections. This appeal follows.

## DISCUSSION

"On appeal from the grant of habeas relief, we review the district court's factual findings for clear error and its legal conclusions de novo." *Richie v. Mullin*, 417 F.3d 1117, 1120 (10th Cir. 2005). To obtain relief under 28 U.S.C. § 2254(d)(1), the petitioner must demonstrate the state court adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." The Fifth Amendment, applicable to the states via the Fourteenth Amendment, provides, in relevant part, that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Supreme Court has interpreted this clause to "prevent the sentencing court from prescribing greater punishment than the legislature intended," *Missouri v. Hunter*, 459 U.S. 359, 366 (1983), and to protect "against multiple criminal punishments for the same offense," *Monge v. California*, 524 U.S. 721, 728 (1998). When determining the degree of

punishment intended by a state legislature, this court is bound by the pronouncements of that state's highest court. *See Wood v. Milyard*, 721 F.3d 1190, 1197 (10th Cir. 2013) ("Under our precedent, we are bound by the state supreme court's determination of the state legislature's intent with respect to multiple punishments. We may not look behind it." (brackets, citation, and internal quotation marks omitted)).

Because, in *Swick*, the highest court of New Mexico determined the state legislature "did not intend multiple punishments for attempted murder and aggravated battery arising from the same conduct," 279 P.3d at 754, Armendariz's criminal convictions for both were "contrary to . . . clearly established Federal law," i.e., the Double Jeopardy Clause, *Blockburger*, *Hunter*, and *Monge*.[1]  28 U.S.C. § 2254.  The district court therefore ordered that the conviction for the lesser offense be vacated. *See Wood*, 721 F.3d at 1197 ("Because vacating either . . . conviction will suffice to remedy [petitioner's] double jeopardy complaint, the most equitable result in this case would be one that permits the elimination of his lesser . . . conviction—or at least permits the [state] courts that tried him to choose which conviction will go.").

---

[1] It is inconsequential that, as a practical matter, vacating Armendariz's lesser conviction will not reduce his term of imprisonment because he was still sentenced to life. *See Wood*, 721 F.3d at 1195–96.  ("Double jeopardy doctrine prohibits cumulative *punishments* the legislature hasn't authorized.  And it's long since settled that a conviction, even a conviction without a corresponding sentence, amounts to a *punishment* for purposes of federal double jeopardy analysis.")

4

The state challenges this conclusion on two bases. First, it contends the district court misapplied § 2254 by considering *Swick*, rather than confining its analysis to review of the New Mexico Supreme Court decision in *Armendariz*. Second, it contends the district court improperly decided that *Swick* was retroactive, instead of leaving that matter to the New Mexico courts. We are not persuaded.[2]

Regarding the first argument, we agree with the district court that the relevant corpus of "clearly established federal law" was not changed between *Armendariz* in 2006 and *Swick* in 2012. Rather, "both decisions applied *Blockburger*." Aplt. App. at 308. The *Swick* court, however, revisited its prior conclusions regarding the intent of the New Mexico legislature. The district court was not precluded by § 2254(d)(1) from considering the pronouncements of the state's highest court on this issue. To the contrary, it was bound by them. *See Wood*, 721 F.3d at 1195 ("[A] conclusion about state legislative policy, coming . . . from the state high court, binds us.); *Birr v. Shillinger*, 894 F.2d 1160, 1161 (10th Cir. 1990) (per curiam) ("In assessing whether a state legislature intended to prescribe cumulative punishments for a single criminal incident, we are bound by a state court's determination of the legislature's intent.").

---

[2] We do not consider whether Armendariz exhausted his available state court remedies as a pre-requisite to relief under § 2254 on his double jeopardy claim because the state expressly waived exhaustion as a defense in its response to his petition. Aplt. App. at 78 (listing double jeopardy claim as one which "Mr. Armendariz appears to have exhausted available state-court remedies . . . by presenting them to the state's highest court in the course of direct appeal and post-conviction proceedings" (footnote omitted)). *See Gonzales v. McKune*, 279 F.3d 922, 926 (10th Cir. 2002) (recognizing that state can waive exhaustion requirement in answer to habeas petition).

Regarding the second argument, the district court concluded the state waived the issue of *Swick*'s retroactivity by not raising it until its response and objections to the magistrate's recommendations. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). We agree. The state contends it had no reason to raise the issue of retroactivity until after the issuance of the magistrate's recommendations, but this assertion is belied by the record. The state did discuss *Armendariz* and *Swick* in its response to the petition, and the magistrate's recommendations include no discussion of retroactivity whatsoever. Had the state wished to timely raise the issue, it could have. No sound reason exists to depart from the usual waiver rules in this context, and we decline to do so.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

Entered for the Court


Joel M. Carson III
Circuit Judge