# *IN THE SUPREME COURT, STATE OF WYOMING*

## 2021 WY 30

*October Term, A.D. 2020*

*February 18, 2021*

|  |  |
|---|---|
| **JESSE JAMES HARTLEY,** | |
| **Appellant** **(Defendant),** | |
| **v.** | **S-20-0238** |
| **THE STATE OF WYOMING,** | |
| **Appellee** **(Plaintiff).** | |

## ORDER AFFIRMING "2ND AMENDED JUDGMENT AND SENTENCE"

[¶ 1]  **This matter** came before the Court upon its own motion following the filing of Appellant's "Pro Se Brief."  In *Hartley v. State*, 2020 WY 40, 460 P.3d 716 (Wyo. 2020), this Court affirmed Appellant convictions for felony murder and aggravated child abuse. This Court remanded for correction of two sentencing matters.  The Court wrote:

> The district court sentenced Mr. Hartley to life in prison "with the opportunity for parole" for the felony murder and a concurrent sentence of eighteen to twenty-five years in prison for aggravated child abuse. Wyo. Stat. Ann. § 6-2-101(b) does not authorize the sentence imposed by the district court. As the State did not seek the death penalty, Mr. Hartley could be sentenced to either "life imprisonment without parole or life imprisonment according to law." Wyo. Stat. Ann. § 6-2-101(b). Additionally, as aggravated child abuse was the underlying sentence for the first-degree felony murder charge, sentencing Mr. Hartley to eighteen to twenty-five years on that charge was improper. *Mares* [*v. State*], 939 P.2d [724,] 730 [(Wyo. 1997)] (citing *Roderick v. State*, 858 P.2d 538, 552 (Wyo. 1993); *Castle v. State*, 842 P.2d 1060, 1061 (Wyo. 1992)). "[W]e hold the imposition of multiple punishments for felony murder and the underlying felony violates the Double

Jeopardy Clauses of the United States and Wyoming constitutions." *Cook v. State*, 841 P.2d 1345, 1352-53 (Wyo. 1992).

*Hartley*, ¶ 17, 460 P.3d at 721.  This Court remanded for correction of those sentencing errors.

[¶ 2]   On remand, the district court corrected both errors, in a "2nd Amended Judgment and Sentence."  For felony murder (Count I), the district court imposed a sentence of "life as a matter of law."  For child abuse, the district court wrote "no sentence is imposed as punishment for conviction fully addressed in Count I."  Appellant took this appeal to challenge the district court's "2nd Amended Judgment and Sentence."

[¶ 3]   On December 14, 2020, Appellant's court-appointed appellate counsel e-filed a "Motion to Withdraw as Counsel," pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).  This Court subsequently entered an "Order Granting Motion for Extension of Time to File *Pro Se* Brief."  This Court permitted Appellant to file a "*pro se* brief specifying the issues he would like the Court to consider in this appeal."  Appellant filed a "Pro Se Brief" on February 4, 2021.

[¶ 4]   Now, following a careful review of the "Pro Se Brief," the record, and the "*Anders* brief" submitted by appellate counsel, this Court finds that appellate counsel's motion to withdraw should be granted and the district court's "2nd Amended Judgment and Sentence" should be affirmed.  To the extent Appellant, in his Pro Se Brief, seeks to challenge his convictions, such claims could have and should have been made in his direct appeal from his convictions and are not proper given the limited nature of this Court's remand.  See *Matter of Adoption of BBC*, 849 P.2d 769, 772 (Wyo. 1993) ("When this court remands a case, the district court is vested with jurisdiction only to the extent conferred by this court's opinion and mandate.")  It is, therefore,

[¶ 5]   **ORDERED** that the Wyoming Public Defender's Office, court-appointed counsel for Appellant Jesse James Hartley, is hereby permitted to withdraw as counsel of record for Appellant; and it is further

[¶ 6]   **ORDERED** that the Uinta County District Court's June 19, 2020, "2nd Amended Judgment and Sentence" be, and the same hereby is, affirmed.

[¶ 7]   **DATED** this 18th day of February, 2021.

BY THE COURT:

/s/

**MICHAEL K. DAVIS**
**Chief Justice**