2002 WY 155

**Steven Allen DELOGE, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 01–41.**

Supreme Court of Wyoming.

Oct. 16, 2002.

Kenneth M. Koski, State Public Defender; Donna D. Domonkos, Appellate Counsel; and Ryan R. Roden, Senior Assistant Appellate Counsel, Representing Appellant.

Hoke MacMillan, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Kimberly A. Baker, Senior Assistant Attorney General, Representing Appellee.

Before HILL, C.J., and GOLDEN, LEHMAN *, KITE, and VOIGT, JJ.

HILL, Chief Justice.

[¶ 1] Appellant, Steven Allen DeLoge (DeLoge), appeals from the judgment and sentence of the district court, which imposed six consecutive life sentences. DeLoge entered pleas of guilty to six counts of sexual assault in the second degree and, in accordance with the enhancement provision of the sentencing statute which governs sexual assault convictions, the six consecutive life sentences were imposed.

[¶ 2] We will affirm.

## ISSUES

[¶ 3] DeLoge raises these issues:

I. Whether the district court erred when it sentenced Appellant to six (6) life

* Chief Justice at time of expedited conference.

terms under the enhancement provision of Wyo. Stat. § 6-2-306(c), as the plain statutory language of Wyo. Stat. § 6-2-306 does not expressly permit multiple enhancements?

II. Whether the district court erred as a matter of law when it enhanced Appellant's sentence to life in prison for Count I?

III. [Were] Appellant's State and Federal constitutional rights not to be placed twice in jeopardy for the same offense violated by the enhanced penalties of W.S. § 6-2-306?

IV. Did the prosecutor commit prosecutorial misconduct when he specifically mentioned uncharged, unfounded misconduct evidence in closing at sentencing, and did the district court err in overruling Appellant's objection to this?

The State condenses those issues into these two queries:

I. Whether Appellant was properly sentenced for his convictions on six counts of second degree sexual assault?

II. Whether the prosecutor committed misconduct at Appellant's sentencing hearing?

## FACTS

[¶ 4] The central issue in this case concerns the intended meaning of the sentencing provisions of the sexual assault statutes. The statute provides:

**§ 6-2-306. Penalties for sexual assault.**

(a) An actor convicted of sexual assault who does not qualify under the criteria of subsection (b) or (d) of this section shall be punished as follows:

(i) Sexual assault in the first degree is a felony punishable by imprisonment for not less than five (5) years nor more than fifty (50) years;

**(ii) Sexual assault in the second degree is a felony punishable by imprisonment for not more than twenty (20) years;**

(iii) Sexual assault in the third degree is a felony punishable by imprisonment for not more than fifteen (15) years;

(iv) Repealed by Laws 1997, ch. 135, § 2.

**(b) An actor who is convicted of sexual assault and who does not qualify under the criteria of subsection (d) of this section shall be punished by the extended terms of subsection (c) of this section if:**

**(i) He is being sentenced for two (2) or more separate acts of sexual assault in the first or second degree;**

(ii) He previously has been convicted of any crime containing the same or similar elements as the crimes defined in W.S. 6–2–302 or 6–2–303.

**(c) An actor convicted of sexual assault who qualifies under the criteria of subsection (b) of this section shall be punished as follows:**

**(i) Sexual assault in the first or second degree is a felony punishable by imprisonment for not less than five (5) years or for life;**

(ii) Sexual assault in the third degree is a felony punishable by imprisonment for not more than twenty (20) years;

(iii) Repealed by Laws 1997, ch. 135, § 2.

(d) An actor who is convicted of sexual assault shall be punished by life imprisonment without parole if the actor has two (2) or more previous convictions for any of the following designated offenses, which convictions resulted from charges separately brought and which arose out of separate occurrences in this state or elsewhere:

(i) A crime defined in W.S. 6–2–302 through 6–2–304 or a criminal statute containing the same or similar elements as a crime defined by W.S. 6–2–302 through 6–2–304;

(ii) Repealed by Laws 1997, ch. 135, § 2.

(iii) A conviction under W.S. 14–3–105(a), or a criminal statute containing the same or similar elements as the crime defined by W.S. 14–3–105(a), if the circumstances of the crime involved a victim who was under the age of sixteen (16) at the time of the offense and an actor who was at least four (4) years older than the victim.

Wyo. Stat. Ann. § 6–2–306 (LexisNexis 2001) (emphasis added).

[¶ 5] DeLoge entered pleas of guilty to committing sexual assault in the second degree, on six separate and distinct occasions, on the person of FL, a female child who was eight years old at the time the crimes were committed. DeLoge was approximately 40 years old when the offenses were committed. The second degree sexual assault statute provides:

**§ 6–2–303. Sexual assault in the second degree.**

**(a) Any actor who inflicts sexual intrusion on a victim commits sexual assault in the second degree if, under circumstances not constituting sexual assault in the first degree:**

(i) The actor causes submission of the victim by threatening to retaliate in the future against the victim or the victim's spouse, parents, brothers, sisters or children, and the victim reasonably believes the actor will execute this threat. "To retaliate" includes threats of kidnapping, death, serious bodily injury or extreme physical pain;

(ii) The actor causes submission of the victim by any means that would prevent resistance by a victim of ordinary resolution;

(iii) The actor administers, or knows that someone else administered to the victim, without the prior knowledge or consent of the victim, any substance which substantially impairs the victim's power to appraise or control his conduct;

(iv) The actor knows or should reasonably know that the victim submits erroneously believing the actor to be the victim's spouse;

**(v) At the time of the commission of the act the victim is less than twelve (12) years of age and the actor is at least four (4) years older than the victim;**

(vi) The actor is in a position of authority over the victim and uses this position of authority to cause the victim to submit; or

(vii) The actor inflicts sexual intrusion in treatment or examination of a victim for purposes or in a manner substantially inconsistent with reasonable medical practices.

(b) A person is guilty of sexual assault in the second degree if he subjects another person to sexual contact and causes serious bodily injury to the victim under any of the circumstances listed in W.S. 6–2–302(a)(i) through (iv) or paragraphs (a)(i) through (vi) of this section.

(c) Repealed by Laws 1997, ch. 135, § 2. Wyo. Stat. Ann. § 6–2–303 (LexisNexis 2001) (emphasis added).

[¶ 6] DeLoge claimed to be the common-law husband of FL's mother and stepfather to FL and her brother DL. DeLoge and the children came to Cheyenne from Mississippi in August of 1999. It was FL's claim that her mother had disappeared before they left Mississippi, after she caught DeLoge in the act of having sexual intercourse with FL. Repetition of the repugnant details of De-Loge's assaults on FL is unnecessary to resolution of the issues presented. It will suffice to include here that DeLoge had sexual intercourse with FL dozens, if not hundreds, of times, according to the reports she made to police. FL related that the sexual assaults occurred virtually every day. DeLoge was charged with 11 counts of second degree sexual assault, which represented one incident of sexual assault for each of the 11 weeks DeLoge had been in Cheyenne with FL. He agreed to plead guilty to six of those counts in exchange for an agreement by the State to drop the other five counts and to refrain from filing any other criminal charges arising out of DeLoge's abuse of FL in Wyoming. On November 3, 1999, FL fled the apartment in which much of the abuse took place and with the help of a neighbor managed to get to the police to tell her story.

### STANDARD OF REVIEW

#### Double Jeopardy

[¶ 7] This Court has recognized that, although the double jeopardy clauses

found in Article 1, § 11 of the Wyoming Constitution and in the Fifth Amendment of the United States Constitution are dissimilar in language, they have the same meaning and are co-extensive in application. *State v. King*, 2002 WY 93, ¶ 16, 48 P.3d 396, ¶ 16 (Wyo.2002); *Umbach v. State*, 2002 WY 42, ¶ 8, 42 P.3d 1006, ¶ 8 (Wyo.2002). The double jeopardy clause provides an accused with three protections. It protects the accused who has been acquitted against a second prosecution for the same offense, it protects the accused who has been convicted against a second prosecution for the same offense, and it protects the accused against multiple punishments for the same offense. *King*, ¶ 17; *Bilderback v. State*, 13 P.3d 249, 253–55 (Wyo.2000). In this instance, DeLoge contends that multiple punishments have been imposed for a single crime.

### Statutory Construction

[¶ 8] DeLoge contends that the district court erred in construing the sentencing statute at issue to permit imposition of six consecutive life sentences. Statutory construction and legislative intent will control the determination of this issue. Applicable general principles of statutory construction include: If the language is clear and unambiguous, we must abide by the plain meaning of the statute; if a statute is ambiguous, we may resort to general principles of construction; an ambiguous statute is one whose meaning is uncertain and susceptible of more than one meaning; and in a criminal statute, an ambiguity should be resolved in favor of lenity. *Umbach*, ¶ 9; *Abeyta v. State*, 2002 WY 44, ¶ 9, 42 P.3d 1009, ¶ 9 (Wyo.2002).

### Abuse of Discretion in Sentencing

[¶ 9] Sentencing decisions are within the broad discretion of the sentencing court. *Smith v. State*, 941 P.2d 749, 750 (Wyo.1997). This Court will not disturb a sentence on the ground of sentencing procedures absent a showing by the defendant of an abuse of discretion, procedural conduct prejudicial to him, circumstances that manifest inherent unfairness and injustice, or conduct that offends the

public sense of fair play. *Brower v. State,* 1 P.3d 1210, 1216 (Wyo.2000). In that regard, the trial judge abuses his discretion if he premises a sentence on a mistaken reading of the law. *Cook v. State,* 710 P.2d 824, 825 (Wyo.1985).

The discretion of the trial court is also limited by the fact that a sentencing court may only impose those sentences that have been authorized by the legislature. *Williams v. State,* 949 P.2d 878, 880 (Wyo. 1997); Wyo. Stat. Ann. § 6–10–104 (Lexis-Nexis 2001) ("[w]ithin the limits prescribed by law" the court is "to determine and fix" punishment).

*Daugherty v. State,* 2002 WY 52, ¶¶ 12–13, 44 P.3d 28, ¶¶ 12–13 (Wyo.2002).

## DISCUSSION

[¶ 10] First, DeLoge contends that the statute will permit only one enhancement; that is, that the proper sentence would have been, at most, one life sentence for all six counts. In making this argument, DeLoge relies on authority construing a statute that permits enhancement of a sentence based on a previous conviction or convictions. An example of such a statute is Wyoming's "habitual criminal" statute:

**6–10–201. "Habitual criminal" defined; penalties.**

(a) A person is an habitual criminal if:

(i) He is convicted of a violent felony; and

(ii) He has been convicted of a felony on two (2) or more previous charges separately brought and tried which arose out of separate occurrences in this state or elsewhere.

(b) An habitual criminal shall be punished by imprisonment for:

(i) Not less than ten (10) years nor more than fifty (50) years, if he has two (2) previous convictions;

(ii) Life, if he has three (3) or more previous convictions.

Wyo. Stat. Ann. § 6–10–201 (LexisNexis 2001). DeLoge's argument falls short, however, because the plain language of § 6–2–306(b)(i) only speaks in terms of "being sentenced for two (2) or more separate acts of sexual assault in the ... second degree." There is no requirement that the convictions be "previous," as is the case with the habitual criminal statute. Our rules of statutory construction require that we construe statutes in pari materia, giving effect to each word, clause, and sentence so that no part will be inoperative or superfluous, and we must not construe a statute in a manner that renders any portion meaningless or produces an absurd result. *Abeyta,* ¶ 9. When we apply the applicable rules of statutory construction to this statute, we are compelled to conclude that the legislative intent is clear that a defendant who is being sentenced for two or more separate acts of sexual assault in the second degree may be sentenced to a life sentence for each separate act. *Stambaugh v. State,* 613 P.2d 1237, 1241–43 (Wyo.1980).

[¶ 11] Next, DeLoge contends that the statute must be construed to mean that a sentence not subject to the enhancement provision must be imposed for the first count and the enhancement provision only applies to offenses subsequent to the first sentence. Again, applying the same rules of statutory construction set out above, we are compelled to conclude that the rules of statutory construction do not permit us to add such language to that which the legislature provided in its unambiguous enactment. *Fullmer v. Employment Security Commission,* 858 P.2d 1122, 1124 (Wyo.1993).

[¶ 12] DeLoge also maintains that the statute operates in a manner which violates double jeopardy because for at least one count he is punished twice, *i.e.,* one count is used both as the underlying offense and as an offense giving rise to the enhancement provision. Again, we view this as mixing the concept of "previous" offenses used in the habitual criminal statute, with the language used in § 6–2–306(b)(i), "being sentenced for two (2) or more separate acts of sexual assault in the ... second degree." Our precedents are clear that multiple sexual assaults are separate offenses even though they might be separated by only very short time periods. *Frenzel v. State,* 938 P.2d 867, 868–9 (Wyo.1997); *Hamill v. State,* 602 P.2d 1212, 1216–17 (Wyo.1979).

## Prosecutorial Misconduct

[¶ 13] As his final issue, DeLoge contends that he was prejudiced by the prosecutor's misconduct at the sentencing hearing, during which the prosecutor asserted that DeLoge was responsible for killing FL's mother. The record reveals that the prosecutor actually told the district court that, "No, you can't take into account in this sentencing the very probable fact that this defendant killed [DL's] and [FL's] mother." However, we will concede that DeLoge's disputation that what the prosecutor really intended was to call that controversial circumstance to the district court's attention so that it *would* consider that undocumented allegation in sentencing. We agree that such conduct was improper and constituted prosecutorial misconduct. However, in context we must also credit that this controversial matter had been called to the district court's attention on other occasions during the proceedings in this case. It appears that the district court's decision to overrule the objection was based upon the fact that the district court already knew of the circumstance, so the prosecutor's misconduct was essentially meaningless, however misguided it appears to have been. Given that this was argument to the court during the sentencing hearing, we conclude that the misconduct did not result in denying DeLoge a fair sentencing hearing, nor did it prejudice DeLoge in terms of the sentence imposed. *See Mazurek v. State,* 10 P.3d 531, 542 (Wyo.2000).

## CONCLUSION

[¶ 14] For the reasons set out above, the sentence of the district court is affirmed.