2002 WY 177

**Rodney Dean BLAKEMAN,**
**Appellant (Defendant),**

v.

**The STATE Of Wyoming,**
**Appellee (Plaintiff).**

Nos. 01–130, 02–26.

Supreme Court of Wyoming.

Dec. 11, 2002.

Kenneth M. Koski, State Public Defender; Donna D. Domonkos, Appellate Counsel; and Tina N. Kerin, Senior Assistant Appellate Counsel, Representing Appellant.

Hoke MacMillan, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Georgia L. Tibbetts, Senior

Assistant Attorney General, Representing Appellee.

Before HILL, C.J., and GOLDEN, LEHMAN,* KITE, and VOIGT, JJ.

KITE, Justice.

[¶ 1]   In this consolidated appeal, Appellant Rodney Dean Blakeman challenges the sentences the district court imposed after he pleaded guilty to six counts of sexual assault against his daughters.  This court holds the district court properly applied the enhancement provisions of the statute pertaining to multiple sexual assaults and did not violate Mr. Blakeman's right to be free from double jeopardy.  In addition, we hold Mr. Blakeman's sentences were not disproportionately long.

[¶ 2]   We affirm.

## ISSUES

[¶ 3]   In Case No. 01–130, Mr. Blakeman presents the following issues:

I.   Did the trial court violate Appellant's right to be free from double jeopardy in its sentencing of Appellant?

II.   Did the trial court err in enhancing each of Appellant's sentences?

III.   Did the trial court err in sentencing Appellant to disproportionate sentences?

In Case No. 02–26, Mr. Blakeman articulates a single issue in his appeal of the district court's denial of his motion to correct an illegal sentence: "Did the trial court err in denying Appellant's motion to correct illegal sentence?"  Appellee State of Wyoming combined its responses to both of Mr. Blakeman's cases in a single brief and stated the following issue: "Did the district court abuse its discretion in imposing sentence?"

## FACTS

[¶ 4]   Mr. Blakeman pleaded guilty to six counts of sexual assault against his two daughters, including: one count of attempted second-degree sexual assault under Wyo. Stat. Ann. §§ 6–1–301(a)(i) and 6–2–303(a)(vi)

* Chief Justice at time of oral argument

(LexisNexis 2001);  two counts of first-degree sexual assault under Wyo. Stat. Ann. § 6–2–302(a)(i) (LexisNexis 2001);  and three counts of second-degree sexual assault under § 6–2–303(a)(vi).  The parties to the plea agreement expressly acknowledged they did not have an understanding as to sentencing.

[¶ 5]   At the sentencing hearing, the district court considered the entire record in the case, the presentence investigation report, Mr. Blakeman's objections to that report, the victims' statements of the impact their father's assaults had upon them, Mr. Blakeman's statement, and counsel's arguments.  The district court then applied the enhanced penalty provisions of Wyo. Stat. Ann. § 6–2–306 (LexisNexis 2001) and sentenced Mr. Blakeman to serve six consecutive prison sentences of thirty years to life.  Mr. Blakeman filed a timely notice of appeal.

[¶ 6]   While his appeal was pending, Mr. Blakeman filed a motion to correct an illegal sentence in the district court.  The district court denied his motion, and Mr. Blakeman appealed.  Because Mr. Blakeman asserted the same arguments in both appeals, the Wyoming Supreme Court consolidated the cases for response by the state and for decision.

## DISCUSSION

[¶ 7]   In both cases currently before this court, Mr. Blakeman contends the district court erred by enhancing his sentence under § 6–2–306(c) on each count.  He claims that, by applying the extended punishment provision of the statute to each count, the district court violated his constitutional right to be free from double jeopardy and also incorrectly interpreted the language of § 6–2–306(c).

[¶ 8]   Section 6–2–306 states:

(a) An actor convicted of sexual assault who does not qualify under the criteria of subsection (b) or (d) of this section shall be punished as follows:

(i) Sexual assault in the first degree is a felony punishable by imprisonment for not less than five (5) years nor more than fifty (50) years;

(ii) Sexual assault in the second degree is a felony punishable by imprisonment for not more than twenty (20) years;

(iii) Sexual assault in the third degree is a felony punishable by imprisonment for not more than fifteen (15) years;

(iv) Repealed by Laws 1997, ch. 135, § 2, eff. July 1, 1997.

(b) An actor who is convicted of sexual assault and who does not qualify under the criteria of subsection (d) of this section shall be punished by the extended terms of subsection (c) of this section if:

(i) He is being sentenced for two (2) or more separate acts of sexual assault in the first or second degree;

(ii) He previously has been convicted of any crime containing the same or similar elements as the crimes defined in W.S. 6–2–302 or 6–2–303.

(c) An actor convicted of sexual assault who qualifies under the criteria of subsection (b) of this section shall be punished as follows:

(i) Sexual assault in the first or second degree is a felony punishable by imprisonment for not less than five (5) years or for life;

(ii) Sexual assault in the third degree is a felony punishable by imprisonment for not more than twenty (20) years;

(iii) Repealed by Laws 1997, ch. 135, § 2, eff. July 1, 1997.

(d) An actor who is convicted of sexual assault shall be punished by life imprisonment without parole if the actor has two (2) or more previous convictions for any of the following designated offenses, which convictions resulted from charges separately brought and which arose out of separate occurrences in this state or elsewhere:

(i) A crime defined in W.S. 6–2–302 through 6–2–304 or a criminal statute containing the same or similar elements as a crime defined by W.S. 6–2–302 through 6–2–304;

(ii) Repealed by Laws 1997, ch. 135, § 2, eff. July 1, 1997[;]

(iii) A conviction under W.S. 14–3–105(a), or a criminal statute containing the same or similar elements as the crime defined by W.S. 14–3–105(a), if the circumstances of the crime involved a victim who was under the age of sixteen (16) at the time of the offense and an actor who was at least four (4) years older than the victim.

[¶ 9] In *DeLoge v. State*, 2002 WY 155, 55 P.3d 1233 (Wyo.2002), we addressed arguments identical to those presented by Mr. Blakeman in the cases at bar. Like Mr. Blakeman, Mr. DeLoge argued that the district court subjected him to double jeopardy by using the same offense to sentence him for the underlying offense and to enhance his punishment. We held that use of the offenses in this manner does not violate a defendant's right to be free from double jeopardy. *DeLoge*, 2002 WY 155, ¶ 12.

[¶ 10] Mr. Blakeman also claims the district court misconstrued § 6–2–306 when it enhanced each of his convictions. Again, this issue was addressed in *DeLoge:*

When we apply the applicable rules of statutory construction to this statute, we are compelled to conclude that the legislative intent is clear that a defendant who is being sentenced for two or more separate acts of sexual assault in the second degree may be sentenced to a life sentence for each separate act. *Stambaugh v. State*, 613 P.2d 1237, 1241–43 (Wyo.1980).

*Id.* at ¶ 10, 55 P.3d 1233.

[¶ 11] Finally, Mr. Blakeman contends the district court erred by imposing sentences which were disproportionately long when analyzed in accordance with the criteria articulated in *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). In *Solem*, the United States Supreme Court outlined the factors to be used in determining, under the Eighth Amendment to the United States Constitution, whether a sentence is disproportionately long:

In sum, a court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for

commission of the same crime in other jurisdictions.

463 U.S. at 292, 103 S.Ct. 3001. Nevertheless, as we acknowledged in *Oakley v. State*, 715 P.2d 1374, 1379 (Wyo.1986):

> We will not engage in a lengthy analysis under all three of the *Solem* criteria, including a consideration of the sentences imposed on similarly situated defendants in this and other jurisdictions, except in cases where the mode of punishment is unusual or where the relative length of sentence to imprisonment is extreme when compared to the gravity of the offense (the first of the *Solem* criteria).

*See also Harmelin v. Michigan*, 501 U.S. 957, 1005, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Kennedy, J., with whom Souter, J., joined, concurring in part & concurring in the judgment); *Sampsell v. State*, 2001 WY 12, ¶ 10, 17 P.3d 724, ¶ 10 (Wyo.2001).

[¶ 12]  Applying the rationale articulated in *Oakley*, we conclude it is not necessary in these cases to engage in a complete analysis of the *Solem* factors. The mode of punishment imposed—imprisoning Mr. Blakeman—was not unusual. Moreover, we do not believe that, in light of the egregious nature of the crimes Mr. Blakeman committed, the relative lengths of his sentences were extreme. Mr. Blakeman subjected his two daughters to continual sexual abuse from the time they were approximately four years of age until they were in their late teenage years. We need not further victimize the girls by describing in detail the horrific crimes their father inflicted upon them. Suffice it to say that Mr. Blakeman subjected his daughters to many different types of sexual assaults over a period of many years and, on occasion, resorted to violence to secure their submission to his reprehensible advances. The sentences he received were appropriate in light of the gravity of his actions.

### CONCLUSION

[¶ 13]  The district court properly applied the enhancement provisions of § 6–2–306 and did not violate Mr. Blakeman's right to be free from double jeopardy. In addition, Mr.

Blakeman's sentences were not disproportionately long.

[¶ 14]  Affirmed.