2005 WY 13

**Rodney Dean BLAKEMAN, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 04–8.**

Supreme Court of Wyoming.

Feb. 4, 2005.

Representing Appellant: Rodney Dean Blakeman, pro se.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Georgia L. Tibbetts, Senior Assistant Attorney General; and Michael D. Allen, Assistant Attorney General.

Before HILL, C.J., and GOLDEN, KITE, and VOIGT, JJ, and GUTHRIE, D.J.

HILL, Chief Justice.

[¶ 1] Appellant, Rodney Dean Blakeman (Blakeman), challenges the order of the district court denying his motion to correct his purportedly unconstitutional, and hence illegal, sentences. Blakeman contends that the sentences imposed upon him in 2001 violate recently articulated constitutional principles and must be vacated. We will affirm.

## ISSUE

[¶ 2] Blakeman raises this issue:

Did the district court [err] and abuse its discretion by denying appellant's motion to correct his unconstitutional and therefore illegal sentences?

The State phrases the issue thus:

Did the district court err in denying [Blakeman's] W.R.Cr.P. 35(a) motion to correct an illegal sentence?

## PERTINENT FACTS AND BACKGROUND

[¶ 3] On December 19, 2000, Blakeman was charged with nine counts of sexual assault and one count of taking immodest, immoral or indecent liberties with a minor. The victims of his crimes were his own daughters. At arraignment, Blakeman was informed that for some of the sexual assault offenses he faced potential life sentences. Initially, he entered pleas of not guilty to all of the charged crimes. Blakeman later made a decision to change his pleas. In a written plea agreement, he acknowledged that the potential sentences for his pleas were six life sentences. Blakeman agreed that he would plead guilty to one count of attempted second-degree sexual assault, three counts of second-degree sexual assault, and two counts of first-degree sexual assault.[1] The agreement also provided that the remaining counts would be dismissed and no other additional charges would be filed against him (although a further investigation had revealed that additional charges were possible). At a change of plea hearing, Blakeman again was informed that he could be sentenced to six life sentences. On May 17, 2001, sentence was entered imposing six consecutive life sentences. On appeal, the judgment and sentence of the district court were affirmed, as was an order of the district court denying Blakeman's motion to correct an illegal sentence. *Blakeman v. State*, 2002 WY 177, 59 P.3d 140 (Wyo.2002).

[¶ 4] On November 3, 2003, Blakeman filed another motion to correct illegal sentence styled along lines similar to the issues raised in this appeal. By order entered on December 11, 2003, the district court denied that motion.

## DISCUSSION

[¶ 5] Our discussion will be brief because we recently resolved the issues raised by Blakeman in a case that involved a challenge to virtually identical sentences, on the basis of the same legal theories broached here. *Brown v. State*, 2004 WY 119, 99 P.3d 489 (Wyo.2004). In his brief, Blakeman added a citation to another recent decision of the United States Supreme Court, *Blakely v. Washington*, 542 U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) (applying rule expressed in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)). In *Blakely*, the Supreme Court held that the rule announced in *Apprendi* applied to Blakely's case because the trial court

---

1. The crimes were committed at various times between 1992 and 1995.

made a factual finding that the defendant acted with "deliberate cruelty." Based on that finding, the trial court imposed an enhanced sentence. In *Blakely,* the Supreme Court iterated that fact-finding with respect to such sentence enhancements must be made by a jury under the "beyond a reasonable doubt" standard. Our decision in *Brown,* as well as our decision today, is in concert with the Supreme Court's pronouncements in both *Apprendi* and *Blakely.* In *Brown,* we expressed our view that the existence of a prior conviction and the existence of a contemporaneous conviction rest on the same quality of evidence and neither sort of evidence is required to be determined by a jury under the beyond a reasonable doubt standard. As was the case in *Brown,* here the district court did not err by imposing consecutive life sentences on Blakeman.

## CONCLUSION

[¶ 6] The district court's order denying Blakeman's motion to correct an illegal sentence is affirmed.