James **PEARSON**, Appellant (Defendant),

v.

The **STATE of Wyoming**,
Appellee (Plaintiff).

No. 93–6.

Supreme Court of Wyoming.

Jan. 11, 1994.

Leonard D. Munker, State Public Defender, Gerald M. Gallivan, Defender Aid Program, and Laura E. David, Student Intern, for Defender Aid Program.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., Barbara L. Boyer,

Sr. Asst. Atty. Gen., and Mark T. Moran, Asst. Atty. Gen.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

MACY, Chief Justice.

Appellant James Pearson appeals from the district court orders denying his motion to correct an illegal sentence and his motion for disqualification of the trial judge.

We affirm.

Appellant poses the following questions for our review:

I. Whether the trial court's decision to deny Appellant's motion to correct an illegal sentence was proper?

II. Whether the trial court properly denied Appellant's motion to disqualify the trial court judge?

On March 7, 1990, Appellant was sentenced to serve a term of not less than three years nor more than five years in the Wyoming State Penitentiary after his conviction for forgery as defined by Wyo.Stat. § 6–3–602(a) and (b) (1988). At the time he committed the forgery, he was on parole for a federal offense. After Appellant was sentenced in state court, he was released on bond pending his appeal to the Wyoming Supreme Court from his state court conviction.

The trial judge knew during the sentencing hearing that Appellant was on federal parole. The presentence investigation report revealed that the federal probation officer believed that Appellant's federal parole would probably be revoked as a result of his conviction in state court. The agent who prepared the presentence investigation report recommended that the state sentence be made to run concurrent with any resulting federal sentence of incarceration. In the judgment and sentence, the trial judge did not specify whether the state sentence would run concurrent with or consecutive to the potential federal sentence.

On April 17, 1990, Appellant's federal parole was revoked. He was incarcerated in a federal facility until November 15, 1990, when he was again paroled. On May 15, 1991, the Wyoming Supreme Court affirmed Appellant's state court conviction.[1] Soon thereafter, Appellant began serving his state sentence.

On August 4, 1992, Appellant filed a motion to correct an illegal sentence. He contended that the judgment and sentence "clearly reflect[ed] that [Appellant's] sentence [was] deemed to be concurrent with his Federal Parole Violation Sentence." Appellant also filed a motion to disqualify the trial judge from ruling on the motion to correct an illegal sentence. The trial judge denied both motions, and Appellant appeals from the trial court's decisions.

In his first issue, Appellant argues that, since the state sentence was silent as to whether it would run concurrent with or consecutive to the potential federal sentence, the sentences should be construed as running concurrently. We disagree.

■ Under the common law, sentences which are silent as to whether they are to be served concurrently or consecutively are presumed to be concurrent. *See, e.g., State v. Petersen,* 305 Minn. 478, 235 N.W.2d 801, 803 (1975); and *State v. Mayberry,* 97 N.M. 760, 643 P.2d 629, 632 (App.1982). *See also* 24 C.J.S. *Criminal Law* § 1583 (1989). The rule in many jurisdictions is that, when two or more sentences are pronounced by the same court at the same time without a specification as to whether the sentences are to run concurrently or consecutively, the sentences are presumed to be concurrent. *See, e.g., Stewart v. Delgado,* 231 Neb. 401, 436 N.W.2d 512, 514 (1989); and *Wheeler v. Jernigan,* 248 Ga. 302, 282 S.E.2d 891, 891–92 (1981).

Many exceptions exist to the common-law presumption. Courts have held that, when sentences are pronounced by courts of different sovereigns, i.e., courts of two different states or a state court and a federal court, the presumption of concurrence does not apply. *Commonwealth v. Lundberg,* 422 Pa.Super. 495, 619 A.2d 1066, 1068–69 (1993); *Cottingham v. State,* 206 Ga.App. 197, 424

---

1. *Pearson v. State,* 811 P.2d 704 (Wyo.1991).

S.E.2d 794, 797 (1992); *Larios v. Madigan,* 299 F.2d 98, 100 (9th Cir.1962).

Many states have enacted statutes which specify when sentences are presumed to be concurrent and when they are presumed to be consecutive. *See, e.g., Beck v. Fetters,* 137 Kan. 750, 22 P.2d 479, 480 (1933); and *Ball v. State,* 437 So.2d 423, 425–26 (Miss.1983). *See also* 24 C.J.S. *Criminal Law* § 1584 (1989).

This Court has been reluctant to apply a presumption of concurrence. In *Kennedy v. State,* 595 P.2d 577, 577 (Wyo.1979), *habeas corpus denied,* 759 F.Supp. 1554 (D.Wyo. 1991), *judgment aff'd,* 971 F.2d 558 (10th Cir.), *and cert. denied,* —— U.S. ——, 113 S.Ct. 623, 121 L.Ed.2d 556 (1992), we stated: "Separate penalties will ordinarily be exacted upon convictions for distinct offenses." Similarly, in *Loper v. Shillinger,* 772 P.2d 552, 553 (Wyo.1989), we refused to apply a presumption of concurrent sentences where the defendant was charged with an offense which resulted in revocation of his parole for an earlier offense and the trial court failed to specify whether the four concurrent sentences on the most recent convictions would run concurrent with the remainder of his original sentence in the event that parole was revoked.

In light of the many exceptions to the common-law presumption of concurrence and of the traditional reluctance of this Court to presume that sentences are concurrent, we prefer not to follow the common-law rule of concurrence. "Common law created by the judiciary can be abrogated by the judiciary." *McClellan v. Tottenhoff,* 666 P.2d 408, 411 (Wyo.1983).

■ We hold that, if no specification is made as to whether multiple sentences are concurrent or whether they are consecutive, the sentences will be deemed to be consecutive whether they are imposed in the same case, in different cases, or by different courts. The Legislature may, of course, change this rule by enacting legislation speci-

fying when sentences are presumed to be concurrent and when they are presumed to be consecutive.

In this case, the sentencing courts did not specify whether Appellant's sentences were to run concurrently or consecutively.[2] Appellant's state sentence was, therefore, consecutive to his federal sentence. Appellant's state sentence was not illegal.

In his second issue, Appellant argues that the trial judge should have been disqualified from hearing the motion to correct an illegal sentence because the judge was biased against him.

■ The revised Wyoming Rules of Criminal Procedure became effective on March 24, 1992. W.R.Cr.P. 21.1(b) sets forth the requirements for disqualification of a judge on the basis of bias:

(b) *Disqualification for cause.*— Promptly after the grounds for such motion become known, the state or the defendant may move for a change of judge on the ground that the presiding judge is biased or prejudiced against the state, the attorney for the state, the defendant or the defendant's attorney. The motion shall be supported by affidavits stating sufficient facts to demonstrate such bias or prejudice. Prior to a hearing on the motion other affidavits may be filed. The motion shall be referred to another judge, or a court commissioner, who shall rule on the motion, and if granted shall immediately assign the case to a judge other than the disqualified judge. A ruling on a motion for a change of judge is not an appealable order, but the ruling shall be made a part of the record, and may be assigned as error in an appeal of the case or on a bill of exceptions.

Under this rule, the presiding judge is required to refer the motion for disqualification to another judge for a decision. Before the Wyoming Rules of Criminal Procedure were revised, W.R.Cr.P. 23(e)[3] allowed the presid-

---

**2.** Appellant argues that the federal court did not have the authority to order that the state sentence would begin to run while he was incarcerated for the federal parole violation. This argument is irrelevant to our inquiry.

**3.** W.R.Cr.P. 23(e) provided:

(e) *Disqualification for cause.*—Whenever the grounds for such motion become known, the state or the defendant may move for a change of district judge on the ground that the

ing judge to determine whether or not he should be disqualified because of bias.

 In this case, the presiding judge ruled on the motion. Since Appellant's motion for disqualification was filed after the revised rules went into effect, the trial judge violated W.R.Cr.P. 21.1(b) by ruling on the motion. However, we conclude that the error was invited and harmless. *Engle v. State,* 821 P.2d 1285, 1287 (Wyo.1991). The parties did not argue that the trial judge incorrectly ruled on the motion, and neither the motion nor the affidavit evinced sufficient grounds for disqualification.

Appellant contends that the trial judge should have been disqualified because he was biased against Appellant.

> "Bias is a leaning of the mind or an inclination toward one person over another. The 'bias' which is a ground for disqualification of a judge must be personal, and it must be such a condition of the mind which sways judgment and renders the judge unable to exercise his functions impartially in a given case or which is inconsistent with a state of mind fully open to the conviction which evidence might produce."

*Hopkinson v. State,* 679 P.2d 1008, 1031 (Wyo.), *cert. denied,* 469 U.S. 873, 105 S.Ct. 228, 83 L.Ed.2d 157 (1984) (quoting *Cline v. Sawyer,* 600 P.2d 725, 729 (Wyo.1979)). *See also Brown v. Avery,* 850 P.2d 612 (Wyo. 1993), and *TZ Land & Cattle Co. v. Condict,* 795 P.2d 1204 (Wyo.1990).

 A mere allegation of judicial bias is insufficient to form a basis for disqualification. *Story v. State,* 788 P.2d 617, 621 (Wyo.), *cert. denied,* 498 U.S. 836, 111 S.Ct. 106, 112 L.Ed.2d 76 (1990); *Pote v. State,* 733 P.2d 1018, 1020–21 (Wyo.1987). Sufficient facts showing bias must be presented in the affidavit supporting the motion. *Hopkinson,* 679 P.2d at 1031.

presiding judge is biased or prejudiced against the state, the prosecuting attorney, the defendant or his attorney. The motion shall be supported by an affidavit or affidavits of any person or persons stating sufficient facts to show the existence of such ground. Prior to a hearing on the motion any party may file counter-affidavits. The presiding judge shall rule

In this case, Appellant's affidavit was wholly insufficient to support his allegation that the trial judge was biased against him. Appellant failed to present any specific facts which supported his contention. Disqualification of the trial judge was not warranted.

Affirmed.

on the motion, and if he grants the same shall immediately call in another district judge to try the action. A ruling on a motion for a change of district judge shall not be an appealable order, but the ruling shall be entered on the docket and made a part of the record, and may be assigned as error in an appeal of the case.