**Vincent APODACA, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 94–107.

Supreme Court of Wyoming.

March 8, 1995.

84

Vincent Apodaca, pro se.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., D. Michael Pauling, Sr. Asst. Atty. Gen., Prosecution Assistance Program, Theodore E. Lauer, Director, and Sheryl Smith Lansing, Student Intern, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

THOMAS, Justice.

The sole issue in this case is whether the trial court committed an error of law in refusing to order a sentence in an attempted sexual assault case to run concurrently with a prior sentence which Vincent Apodaca (Apodaca) was serving on parole at the time of the later conviction. Apodaca's appeal is taken from an order denying his motion presented pursuant to Wyo.R.Crim.P. 35 in which he sought correction of an illegal sentence. We hold that the sentence is not an illegal sentence, and Wyo.R.Crim.P. 35 is not an appropriate vehicle to present the issue. The order of the district court denying Apodaca's motion is affirmed.

Apodaca represented himself in this appeal. He states the issue to be:

The court below abused its discretion by denying Mr. Apodaca's motion to correct an illegal sentence.

In its Brief of Appellee, the State reframes that same issue in this language:

Did the district court abuse its discretion in denying Appellant's motion to correct an illegal sentence?

On June 1, 1989, Apodaca was convicted, after a jury trial, of attempted first-degree sexual assault. Apodaca was on parole from a conviction in 1976 for second degree murder. Apodaca had initially been sentenced for the murder to not less than twenty, nor more than forty, years in the Wyoming State Penitentiary but, subsequently, had been the beneficiary of two executive commutations which reduced his murder sentence to a period of eight to twenty years. In an amended judgment and sentence for the attempted first-degree sexual assault entered on August 30, 1989, the district court sentenced Apodaca to a term of eight to twenty-five years in the Wyoming State Penitentiary.

Apodaca had requested the new sentence be made to run concurrently with the murder sentence from which he had been paroled. The district court stated it would withhold a determination as to how the sentence should be served until the parole board had acted. After the board revoked Apodaca's parole, Apodaca again requested his sentence for attempted first-degree sexual assault be made to run concurrently with the earlier sentence. The district court declined to take any action until Apodaca's appeal from the conviction of attempted first-degree sexual assault had been resolved.

In 1991, following the affirmance of his conviction, Apodaca filed a motion for reduction of sentence. The district court concluded the original sentence "was and is appropriate" and denied that motion on May 17, 1991. On April 6, 1994, Apodaca filed a Motion to Correct Illegal Sentence in which the district court was requested to issue an order to the Wyoming State Penitentiary correcting the illegal application of his sentence. Apodaca contended his sentence for attempted first-degree sexual assault had been ordered to commence on July 21, 1989, when it was pronounced, and the Wyoming

State Penitentiary improperly was treating that sentence as consecutive to the earlier murder sentence. The result of the decision of the prison authorities is that commencement of the attempted first-degree sexual assault sentence is deferred until after the completion of the murder sentence. The district court denied Apodaca's Motion to Correct Illegal Sentence without a hearing on April 22, 1994.

 It is clear that, in Wyoming, a sentence which is longer or shorter than the law provides is illegal. *Capwell v. State*, 686 P.2d 1148 (Wyo.1984). A sentence that imposes a punishment not authorized by the legislature also is illegal. *Bishop v. State*, 687 P.2d 242 (Wyo.1984), *cert. denied*, 469 U.S. 1219, 105 S.Ct. 1203, 84 L.Ed.2d 345 (1985). Apodaca's sentence fits neither category, and it is not an illegal sentence. The sentence that was imposed fits within the statutory limits for attempted first-degree sexual assault, and the district court had discretion to impose the sentence. *Norman v. State*, 747 P.2d 520 (Wyo.1987); *Duffy v. State*, 730 P.2d 754 (Wyo.1986); *Daniel v. State*, 644 P.2d 172 (Wyo.1982).

In this case, the district court was aware of the fact Apodaca was on parole from a prior sentence. The district court refused Apodaca's request that the sentence on the new charge for first-degree sexual assault be made to run concurrently with the prior sentence. Further, our rule is clear that, when an individual is convicted for separate crimes in separate cases, the sentencing judge has discretion to determine whether the sentences shall be served consecutively or concurrently and there is no presumption of a concurrent sentencing. *Pearson v. State*, 866 P.2d 1297 (Wyo.1994); *Loper v. Shillinger*, 772 P.2d 552 (Wyo.1989). If the trial court is silent with respect to concurrent service of the sentences, the presumption is that the sentences are to be served consecutively. Even if Apodaca had sought relief in an appropriate manner, his claim would be rejected.

This case is analogous to *DeSpain v. State*, 865 P.2d 584 (Wyo.1993), in which we held that a motion for correction of an illegal sentence was not an appropriate remedy for presenting a claim of violation of constitutional protection against double jeopardy. *Birr v. State*, 878 P.2d 515 (Wyo.1994). Apodaca's claim relating to the manner in which the executive department of government is directing the service of his sentences cannot be addressed pursuant to a motion under WYO.R.CRIM.P. 35. His contention assumes that the judicial department has some supervisory role with respect to matters that are assigned to the executive department and ignores the constitutional barrier to such action. A Motion to Correct Illegal Sentence is not an appropriate remedy for any question relating to the functions of the executive department of government.

The order of the district court denying the Motion to Correct an Illegal Sentence is affirmed.