2003 WY 72

**Ralph D. BROWN, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 02–73.**

Supreme Court of Wyoming.

June 4, 2003.

Kenneth M. Koski, State Public Defender and Donna D. Domonkos, Appellate Counsel, Representing Appellant.

Hoke MacMillan, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Bryan A. Skoric, Senior Assistant Attorney General, Representing Appellee.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

HILL, Chief Justice.

[¶ 1]   Appellant, Ralph D. Brown (Brown), entered a plea of guilty to the crime of burglary, and a judgment finding him guilty of that crime was entered on March 14, 2002. As a part of his sentence, he was ordered to pay the victims of his crime $5,451.65 as restitution. In this appeal, Brown contends that there is insufficient credible evidence in the record to support portions of that restitution order. We will affirm.

## ISSUE

[¶ 2]   The sole issue in this appeal is whether there is credible evidence in the record to support the district court's restitution order and whether the district court otherwise abused its discretion in ordering restitution.

## FACTS

[¶ 3]   As a part of his guilty plea, Brown conceded that he committed the burglary of the victims' home, although he had very little memory of it. The record reflects that Brown had a severe alcohol dependence problem. The burglary occurred in May or June of 2000, while the victims were on vacation. At the time the district court accepted Brown's guilty plea, it was agreed that the evidence with respect to restitution would be taken at the sentencing hearing.

[¶ 4]   Although Brown raises the cost of the gun repair in this appeal, the transcript reveals that, at the sentencing hearing, Brown conceded that the estimate of $895.00 to repair guns stolen by him was accurate. Brown did challenge all of the other estimated losses incurred by the victims. The remainder of the restitution was based on the testimony of the two victims, who shared the same residence. One of the victims was Brown's former wife. She testified that the following items were missing from her home: an antique leather doctor's bag; over 400 silver dollars; a white gold ring with an emerald and diamonds (value $249.50); a gold ring with an opal stone and three diamonds on each side (value $194.00); an antique Indian Head cigar humidor (a researched value of $350.00, though she conceded she had paid less than that for it at a yard sale); and $163.15 in cash, which had been in the humidor. Brown's former wife testified that Brown admitted he had taken these items and went with her to various pawnshops to try to find them. Brown said he would try to get all the items back to her, if she would break up with her male

friend, Mr. Dorr, who was the other victim of the burglary. On cross-examination, Brown's former wife repeated much of the testimony outlined above, but in response to questions by defense counsel and by reference to her notes, testified that the humidor was worth $350.00–$750.00 and read from a detailed list she had made of the moneys that were in the humidor.

[¶ 5] Dorr testified that among the items missing that belonged to him were: a black, molded leather doctor's bag, the kind used for house calls (circa 1930; value $500.00); 400 old silver dollars (value $3,000.00); and antique coin wraps (value $100.00). He also attested to the value of the opal and diamond ring described above. Defense counsel did not cross-examine Mr. Dorr to any significant extent. The focus of Brown's claims in this appeal is the value of the doctor's bag, coins, and coin wraps.

[¶ 6] The testimonial evidence outlined above was also incorporated into the presentence report based on written and oral reports made to the preparer of the presentence report.

[¶ 7] Based on the testimony, as well as the presentence report, the district court awarded restitution of: "Medical bag, $500; silver dollar coins, [$]3,000; antique humidor, $350; contents of that item in money, $163.15; ring with diamonds and emerald, $249.50; opal ring, $194; antique coin wraps, $100; repairs to guns and holsters, $895. Counsel, you can check my arithmetic; but I believe that will total $5,451.65."

[¶ 8] The governing statutes clearly impose a responsibility on the trial court and the prosecuting attorney to effectuate victim restitution in criminal matters. Wyo. Stat. Ann. § 7–9–102 (LexisNexis 2001) (emphasis added) provides:

In addition to any other punishment prescribed by law **the court shall,** upon conviction for any misdemeanor or felony, order a defendant to pay restitution to each victim as determined under W.S. 7–9–103 and 7–9–114 unless the court specifically finds that the defendant has no ability to pay and that no reasonable probability exists that the defendant will have an ability to pay.

Wyo. Stat. Ann. § 7–9–103 (LexisNexis 2001) (emphasis added) provides:

(a) As part of the sentencing process including deferred prosecutions under W.S. 7–13–301, in any misdemeanor or felony case, **the prosecuting attorney shall present to the court any claim for restitution submitted by any victim.**

(b) In every case in which a claim for restitution is submitted, the court shall fix a reasonable amount as restitution owed to each victim for actual pecuniary damage resulting from the defendant's criminal activity, and shall include its determination of the pecuniary damage as a special finding in the judgment of conviction or in the order placing the defendant on probation under W.S. 7–13–301. In determining the amount of restitution, the court shall consider and include as a special finding, each victim's reasonably foreseeable actual pecuniary damage that will result in the future as a result of the defendant's criminal activity. A long-term physical health care restitution order shall be entered as provided in W.S. 7–9–113 through 7–9–115.

(c) The court shall order the defendant to pay all or part of the restitution claimed or shall state on the record specific reasons why an order for restitution was not entered. If the court determines that the defendant has no ability to pay and that no reasonable probability exists that the defendant will have an ability to pay in the future, the court shall enter specific findings in the record supporting its determination.

(d) Any order for restitution under this chapter constitutes a judgment by operation of law on the date it is entered. To satisfy the judgment, the clerk, upon request of the victim or the district attorney, may issue execution in the same manner as in a civil action.

(e) The court's determination of the amount of restitution owed under this section is not admissible as evidence in any civil action.

(f) The defendant shall be given credit against his restitution obligation for payments made to the victim by the defendant's insurer for injuries arising out of the same facts or event.

## STANDARD OF REVIEW

[¶ 9] As a part of the sentencing process, the trial court is required to order a defendant to pay restitution, if applicable, and if the defendant has the ability to pay or if there is a reasonable probability that he will have the ability to pay. Appellate review of ordered restitution is confined to a search for procedural error or a clear abuse of discretion. *Aldridge v. State*, 956 P.2d 341, 343 (Wyo.1998). The amount of restitution fixed by the trial court should be supported by evidence sufficient to afford a reasonable basis for estimating the loss. *Hilterbrand v. State*, 930 P.2d 1248, 1250 (Wyo.1997). A challenge to the amount of restitution set by the court must demonstrate an abuse of discretion. "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." *Brock v. State*, 967 P.2d 26, 27 (Wyo.1998) (quoting *Vaughn v. State*, 962 P.2d 149, 151 (Wyo.1998)). We have held that a victim impact statement, such as that incorporated into the Presentence Report in this case, is credible evidence upon which a trial court may impose a restitution amount. *Stowe v. State*, 10 P.3d 551, 553 (Wyo.2000).

## DISCUSSION AND CONCLUSION

[¶ 10] Here, in addition to the presentence report, the victims gave credible testimony, based on well-informed opinions, concerning the value of their restitution claims. Even in circumstances where the burden of proof is beyond a reasonable doubt, where an owner has sufficient knowledge to establish the value of his own property, he may properly serve as a witness. *Pearson v. State*, 818 P.2d 1144, 1148 (Wyo. 1991); *Weathers v. State*, 652 P.2d 970, 973–74 (Wyo.1982). The victims in this case presented credible and uncontradicted evidence that was based on the actual face value of some items, and on estimated values based on research directed at determining fair market value with respect to other items. We hold that there was sufficient credible evidence to sustain the district court's findings with respect to restitution, as well as that the sentence imposed with respect to restitution was well within the trial court's discretion. The judgment and sentence of the district court are affirmed.