2003 WY 154

**Nathan JONES, Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

No. 02–201.

Supreme Court of Wyoming.

Nov. 25, 2003.

er, and at least one of the children has always wanted to return to Mother.

Representing Appellant: Kenneth M. Koski, State Public Defender; Donna D. Domonkos, Appellate Counsel; and Tina N. Kerin, Senior Assistant Appellate Counsel.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Paul S. Rehurek, Senior Assistant Attorney General; Georgia L. Tibbetts, Senior Assistant Attorney General; Theodore E. Lauer, Prosecution Assistance Program; and Billie L.M. Addleman, Student Intern.

Before HILL, C.J., LEHMAN, KITE, and VOIGT, JJ, and BURKE, D.J.

HILL, Chief Justice.

[¶ 1] By order entered on March 18, 2002, pursuant to a Writ of Review, this matter was referred to the district court by this Court, with directions that the district court consider whether the sentences previously imposed on Appellant, Nathan Jones (Jones), were to be served consecutively or concurrently with an earlier sentence. *Jones v. State*, Case No. 02–49. By order entered on June 5, 2002, the district court determined, "that [Jones's] sentence herein shall run consecutive to any previously imposed sentence including the sentence the defendant is serving for case number 3301[i]n The District Court Second Judicial District for first-degree murder." Jones has appealed from that determination. We will reverse and remand for further proceedings consistent with this opinion.

## ISSUES

[¶ 2] Jones raises these issues:

I. Whether the trial court erred in not considering concurrent sentences for [Jones]?

II. Whether [Jones's] sentences were originally ordered by the trial court to be concurrent, and as a result, [Jones's] right to due process has been violated by the treatment of the sentences as consecutive?

III. Whether the Wyoming presumption of consecutive sentencing fails to pass constitutional muster, as it denies each criminal defendant the individualized protection of due process of law?

The State rephrases the issues thus:

I. Did the district court abuse its discretion when it corrected the 1993 Judgment and Sentence to provide that [Jones's] 1993 sentences should run consecutively to [his] 1975 sentence?

II. Was [Jones's] right to due process violated when his 1993 sentences were construed to run consecutively to his 1975 sentence?

III. Does Wyoming's rule, that sentences which are silent as to whether they run concurrently or consecutively shall be presumed to be consecutive sentences, violate due process of law?

## FACTS

[¶ 3] Jones was convicted of first-degree, felony murder for his 1974 participation in the robbery and murder of a service station attendant in Sinclair, Wyoming. He was sentenced to life in prison. The Court affirmed that conviction and the sentence imposed. *Jones v. State*, 568 P.2d 837 (Wyo. 1977). During the years of his incarceration, Jones was a model prisoner and he was awarded a number of commutations of his life sentence. Eventually he was eligible for parole, and on January 11, 1989, Jones was placed on parole. His parole was revoked and reinstated on September 12, 1990, after Jones was found guilty of an assault. The apparent basis for this seemingly contradictory action was that, although Jones was convicted of the assault, the victim (Jones's wife) recanted her testimony in proceedings before the parole board.

[¶ 4] Jones was convicted of aiding and abetting armed robbery and conspiracy to commit armed robbery for his 1993 involvement in an armed robbery in Casper. An appeal of that conviction was affirmed by this Court. *Jones v. State*, 902 P.2d 686 (Wyo. 1995).

[¶ 5] At Jones's sentencing hearing on September 2, 1993, the district court sentenced Jones to two terms of 20–25 years in the penitentiary, those sentences to be served concurrently. At the time of that sentencing, Jones asked if the sentences would be concurrent with his previously imposed sentence. Although the parole board had not yet revoked his parole, it was perceived by all that such a revocation was inevitable. In response to that query, the district court opined: "If the parole board revokes your parole and give[s] you a sentence, they will have to say whether that should be concurrent or consecutive with this one."

[¶ 6] In a letter filed with the district court on May 7, 1998, Jones informed the district court that the penitentiary had treated his 20–25 year sentences as consecutive to his previous sentence. He asked that that determination be corrected so that he would serve those sentences concurrently with his previous sentence. Then District Judge Dan Spangler (now retired) replied to Jones's letter stating that he should contact his attorney. In October of 1998, Jones followed up with a second letter to the same effect, as well as a motion to amend his sentence to make it concurrent. By order entered on October 5, 1998, the district court denied that motion, treating it as a motion to correct or reduce the sentences. Jones appealed that order. On December 22, 1998, this Court dismissed that appeal for want of prosecution. On May 3, 1999, Jones filed a motion to correct an illegal sentence. By order entered on May 20, 1999, the district court determined it did not have jurisdiction to entertain that motion because the matter was on appeal. A "Notice to the Court," and another letter dated July 6, 1999, from Jones, were filed in the district court on May 28, 1999, and September 8, 1999, respectively. By order entered on September 8, 1999, Jones's motion was again denied on the basis that the matter was on appeal to the Wyoming Supreme Court and the district court did not have jurisdiction. Jones filed yet another motion to correct an illegal sentence on October 5, 1999, pointing out that there was no appeal pending in the matter. By order entered on October 7, 1999, that motion was denied.

[¶ 7] Represented by counsel, Jones filed another motion to correct illegal sentence and a coram nobis petition on February 27 and February 28, 2001. By order entered April 26, 2001, those also were denied. On March 4, 2002, a Petition for Writ of Habeas Corpus was filed in this Court. The essence of that petition was that the parole board did not have constitutional or statutory authority to decide matters related to sentencing and, in this instance, the parole board was performing just such a function by deciding that the sentences at issue here were consecutive rather than concurrent. *See Brenning v. State*, 870 P.2d 349, 352 (Wyo.1994). The sentence to be imposed, as well as whether it is concurrent or consecutive, is the exclusive province of the judicial branch.

[¶ 8] This Court considered the Petition for Writ of Habeas Corpus and determined that it should be converted to a Petition for Writ of Review under W.R.A.P. 13. The

grant of the writ was designed to facilitate review of the district court's actions in this matter. The order granting the writ provided these guidelines:

> The Court further finds that, due to the district court's refusal, at the time of sentencing, to designate [Jones's] 1993 aggravated robbery sentences as either concurrent or consecutive to his parole sentence, it would not be appropriate or just in this instance for the courts to stand silent and allow the Board of Parole to rely on the presumption of consecutive sentencing found in *Loper v. Shillinger*, 772 P.2d 552, 553 (Wyo.1989) and *Apodaca v. State*, 891 P.2d 83, 85 (Wyo.1995). Therefore, pursuant to its supervisory power, this Court finds that the district court should be directed to correct the 1993 judgment and sentence to include a designation regarding whether the 1993 sentences are to be served concurrently or consecutively to [Jones's] parole sentence. The Court also notes that, despite the fact that this matter may technically be *res judicata* due to the district court's repeated denials of [Jones's] various motions to correct an illegal sentence, its decision is made in the interests of justice as well as in the interest of requiring the judicial branch to discharge its duties. See also W.R.Cr.P. 32(c)(2)(C).

[¶ 9]  A hearing was held in the district court on May 8, 2002, to consider this matter. At that hearing the State argued that the sentences should be consecutive to the parole sentence, *i.e.*, Jones would receive no credit toward serving those sentences until he had first completed the remainder of his previous sentence. The State's threshold contention was that the sentences should be presumed to be consecutive because that is the rule historically espoused by Wyoming's jurisprudence with respect to that issue. *Apodaca v. State*, 891 P.2d 83, 85 (Wyo.1995); *Pearson v. State*, 866 P.2d 1297,1299 (Wyo.1994); *Loper v. Shillinger*, 772 P.2d 552, 553 (Wyo.1989) (also see dissent at 772 P.2d 553–57). Defense counsel argued for the proposition that if all that was required by this Court's remand was employment of that presumption, then this Court could easily have done so itself. We agree with defense counsel's in-

terpretation of our remand. It is evident that application of the presumption was defeated by Judge Spangler's articulated refusal to consider that issue at the time he sentenced Jones. In other words, the record is clear that Judge Spangler did not intend that the presumption should apply, but rather that it was a matter in the hands of the parole board. Moreover, the district court's acquiescence in the parole board's application of the presumption of the sentences being consecutive did not resolve the question either.

[¶ 10]  In the alternative, the State argued that the sentence should be consecutive in any event, because making the sentences concurrent would unduly depreciate the seriousness of both Jones's current offense, as well as his earlier murder conviction. In supporting this argument, the prosecutor made reference to a "secret sentencing system" that existed in late 1980's, *i.e.*, the commutation. The prosecutor contended that Jones had received six commutations, even though he "gunned down an innocent gas station store owner." The prosecutor also argued that Jones was put on parole again in 1990, "[d]espite the fact that he committed a battery while on parole." Continuing, the prosecutor stated that, "I am still aghast that the parole board, even after all this, still does not hold Mr. Jones to the maximum sentence to which he could have been committed, turning him loose in 1999 to serve this sentence." At the conclusion of the hearing, the district court determined that the *Apodaca* presumption should apply and, thus, the sentences would be consecutive. In addition, the district court determined, after a review "of the entire transcript of the trial of this matter and of the sentencing," that the sentences should be consecutive. The district court declined to consider any information about Jones's exemplary conduct as a penitentiary inmate in the years between 1993 and 2002.

## STANDARD OF REVIEW

[¶ 11]  We review sentences for an abuse of discretion.

Sentencing decisions are within the broad discretion of the sentencing court. *Smith v. State*, 941 P.2d 749, 750 (Wyo. 1997). This Court will not disturb a sentence on the ground of sentencing procedures absent a showing by the defendant of an abuse of discretion, procedural conduct prejudicial to him, circumstances that manifest inherent unfairness and injustice, or conduct that offends the public sense of fair play. *Brower v. State*, 1 P.3d 1210, 1216 (Wyo.2000). In that regard, the trial judge abuses his discretion if he premises a sentence on a mistaken reading of the law. *Cook v. State*, 710 P.2d 824, 825 (Wyo.1985).

The discretion of the trial court is also limited by the fact that a sentencing court may only impose those sentences that have been authorized by the legislature. *Williams v. State*, 949 P.2d 878, 880 (Wyo. 1997); Wyo. Stat. Ann. § 6–10–104 (Lexis-Nexis 2001) ("[w]ithin the limits prescribed by law" the court is "to determine and fix" punishment).

*Daugherty v. State*, 2002 WY 52, ¶¶ 12–13, 44 P.3d 28, ¶¶ 12–13 (Wyo.2002).

*DeLoge v. State*, 2002 WY 155, ¶ 9, 55 P.3d 1233, ¶ 9 (Wyo.2002); *also see Bitz v. State*, 2003 WY 140 ¶ 7, 78 P.3d 257, ¶ 7 (Wyo.2003).

## DISCUSSION

### *Did the District Court Weigh the Options of Consecutive and Concurrent*

[¶ 12] While the focus of our review is for an abuse of discretion, it is frequently important that the record be reasonably clear with respect to the findings of the district court in its sentencing decision, in order that meaningful appellate review can be achieved. The ABA Standards for Criminal Justice: Sentencing, (3rd ed.1994), provide this guidance:

Standard 18–6.5 Sentencing for more than one offense

(a) A sentencing court should impose a sanction appropriate to the offense of conviction and should not consider other offenses of which the defendant was not charged, which were dismissed prior to determination of guilt, or of which the defendant was acquitted.

(b) In sentencing an offender convicted of multiple offenses, a sentencing court ordinarily should impose a consolidated set of sentences that appropriately takes into account the offender's current offenses and criminal history.

(c) In sentencing an offender for offenses that were part of an episode,

(i) a sentencing court should not increase the severity of the sentence or change the type of sanction merely as a result of the number of counts or charges made from a single episode, and

(ii) where the separate offenses are not merged for sentencing, a sentencing court should consider imposition of sanctions of a type and level of severity that take into account the connections between the separate offenses and, in imposing sanctions of total confinement, ordinarily should designate them to be served concurrently.

(d) In sentencing an offender for an offense graded by the amount of money or property involved, a sentencing court ordinarily should determine the appropriate sentence by treating the offense as a single offense and determining its gravity by cumulating the amounts of money or property in the separate offenses.

(e) In sentencing an offender for multiple offenses not within (c) or (d), a sentencing court should be guided by the presumptive sentence derived by reference to the sentence appropriate for the most serious current offense. Under guidance from the agency performing the intermediate function, a sentencing court may impose an enhanced sentence by treating other current offenses as part of an offender's criminal history or as factors aggravating the most serious offense.

(f) When multiple sentences of total confinement are to be served consecutively, a sentencing court should impose sentences that do not exceed a total term reasonably related to the gravity of the offenses.

(g) In sentencing an offender who is subject to service of a prior sentence, a sentencing court should take into account the unexecuted part of the prior sentence in shaping a consolidated set of sentences.

[¶ 13] A resource manual from the National Judicial College provides these additional suggestions:

**Outline for Imposition of Sentence**

In imposing sentence, it is important that you address all of the necessary issues. For ease in assuring that is done, you may wish to use the following outline:

1. **Basis for Decision:** Explain the information that you have considered, e.g., presentence report, testimony at trial, testimony at hearing.

2. **Nature of the Offense:** Include the statutory punishment range.

3. **Factors:** Enumerate the statutory aggravating and mitigating factors that you find detailing the evidence which supports each. If the factors are not statutory, articulate the findings and evidence which form the basis for the decision.

4. **Victim Impact:** Address the harm to the victim.

5. **Nature of the Offender:** Detail the offender's background and your appraisal of the offender given your observation of the offender during the trial and sentencing hearing (and the offender's testimony if applicable). Appropriate details include credibility, remorse, attitude, tendencies, industry, health, general moral character, and habits, including drug and alcohol use. Inappropriate details include certain lifestyle choices, race, gender, ethnicity, and decision to demand trial.

6. **Announcement of Sentence:** Announce the term, the range, if appropriate, and the manner of service. If your sentence involves conditions that the offender must satisfy, detail them individually. If the sentence requires follow-up court appearance, announce the date.

**Imposing Sentences for Multiple Offenses**

When an offender is convicted of more than one offense, you must not only determine the appropriate sentence for each offense, but you also must determine whether the sentences should run concurrently or consecutively. State law generally establishes what you must find to impose sentences consecutively. Therefore, when faced with an offender with multiple offenses, after determining the appropriate sentence for each, you should determine whether, under the circumstances, you should impose a concurrent or consecutive sentence.

Generally, to impose consecutive sentences, you must make some finding of an aggravating circumstance that the legislature has established. It is recommended that you specify the exact statutory reasons that a consecutive, rather than a concurrent, sentence has been imposed for all the reasons illustrated above.

Penny J. White, *Sentencing Guide for State Trial Judges,* at 43–44, The National Judicial College (1998).

[¶ 14] On remand, the district court made no findings that would support a conclusion that the sentences at issue should have been imposed consecutive to the earlier sentence. It is clear that at the time the sentences were originally imposed, the district court did not consider the issue at all, but rather determined that it was a question for the parole board. At the 2002 sentencing hearing, the prosecutor did not focus the attention of the sentencing court on the factors that counseled in favor of a finding that the sentences should be consecutive. Rather, the prosecutor's argument was given over to an emotional attack on the functions of the parole board and executive clemency, essentially exhorting the district court to punish Jones for the perceived sins of the parole board and the Governor. Given these circumstances, we are unable to effectively perform a meaningful review of the provision that the sentences be consecutive to the previous sentence. We are compelled to remand for another hearing at which the district court should enumerate the sources of its information, receive all information that may guide its decision, and make findings as appropriate. While such detailed findings are always beneficial to the review process, they are not always mandated. However, here, we remain as uncertain as to the foundation for imposition of consecutive sentences as we were prior to the remand. We conclude that a remand for further development of the record and the rendition of detailed findings

is necessary under the unique circumstances of this case.

### Intent of Original District Judge

[¶ 15]   Jones argues that the original sentencing proceedings evince an intent that the sentences be concurrent to the previous sentence. We perceive, at best, great ambiguity, and are unable to discern such an intent from the record extant.

### Constitutionality of the Presumption of Consecutive Sentences in the Face of Silence

[¶ 16]   We decline to recognize the district court's determination that the sentences be presumed to be consecutive. The record does not support that conclusion. It is clear that the purpose of this Court's remand was to decide the issue on its merits, without reference to the presumption. Given these circumstances, and our decision to remand this matter for further proceedings, we need not address the constitutional issue raised, because it is not a factor in this case.

### CONCLUSION

[¶ 17]   The resolution of this issue remains clouded because of the district court's threshold reliance on the "consecutive" presumption, the prosecutor's championing of factors not relevant to sentencing, and the failure of the district court to make basic findings justifying the consecutive sentence. Because the interests of justice, as well as the interests of requiring the Judicial Branch to discharge its duties, has not yet been well served, this matter is remanded to the district court with directions that a new sentencing hearing be held consistent with this opinion.

LEHMAN, Justice, dissenting.

[¶ 18]   After careful review of the underlying facts, applicable case law, and the reasoning utilized by the majority in reaching its decision, I must respectfully dissent.

[¶ 19]   The facts in this case are not complicated. While on parole, appellant committed a new crime. He was sentenced to a term of years at the Wyoming State Penitentiary on that new crime in 1993. Upon his return to the penitentiary, appellant's parole was revoked. However, the 1993 sentence did not indicate the timing of the sentence, i.e. whether it should be served concurrently with or consecutively to the original sentence if appellant's parole were revoked. Appellant sought a determination on this issue and posed that question to this court. We remanded the matter to the district court to correct the sentence by designating whether the 1993 sentence was to be served concurrently with or consecutively to the original sentence. On remand, the district court performed a review of "the entire transcript of the trial in this matter and of the sentencing." ¶ 10. In its review, the district court found that the record was essentially silent regarding the original sentencing court's intent on this timing matter and thus, relying on *Apodaca v. State*, 891 P.2d 83 (Wyo.1995) and similar case authority, it determined that the sentences were to be served consecutively. This appeal followed.

[¶ 20]   The determination we must make in this case is whether the district court abused its discretion when ordering the sentences to be served consecutively. When considering an abuse of discretion, we must determine whether the trial court could reasonably conclude as it did. *Herrera v. State*, 2003 WY 25, ¶ 10, 64 P.3d 724 ¶ 10 (Wyo. 2003). We look to whether the trial court exercised sound judgment with regard to what is right under the circumstances without doing so arbitrarily or capriciously. *Brown v. State*, 2003 WY 72, ¶ 9, 70 P.3d 238, ¶ 9 (Wyo.2003). Our purpose is not to substitute our judgment for that of the trial court. Considering that the district court reviewed the entire record and applied the applicable case law, I would find no abuse of discretion.

[¶ 21]   The district court's determination is well within the bounds of the applicable law. In *Apodaca*, a case with almost exactly the same fact scenario as this case, Apodaca was convicted of a new crime while on parole and was sentenced to a term of years for the new crime. The trial court, aware that Apodaca might have his parole revoked, refused to determine if the new sentence should be served consecutively or concurrently with his

parole sentence. Rather, the district court declined to act until the parole board determined whether Apodaca's parole would be revoked. The parole board later revoked Apodaca's parole, but the district court declined to take further action. Upon review of Apodaca's sentence, this court held that, when the trial court is silent, the presumption is that the sentences are to be served consecutively. *Apodaca*, 891 P.2d at 84–85.

[¶ 22] This court's initial confirmation that no presumption of concurrency exists when multiple sentences are imposed and the record is silent as to the timing of those sentences occurred in *Loper v. Shillinger*, 772 P.2d 552 (Wyo.1989). We stated, at 553:

> We decline to adopt the presumption advanced by petitioner. The sentencing judge has discretion to determine whether sentences shall be served consecutively or concurrently. *Eaton v. State*, 660 P.2d 803 (Wyo.1983). Here, the sentencing judge was aware that petitioner was on parole at the time he was sentenced. Petitioner was advised that his guilty plea could result in revocation of parole. The judge did not specify that the four concurrent sentences would run concurrently with the remainder of his original sentence in the event that parole was revoked.

> To presume concurrency in this situation ignores the logic of the United States Supreme Court as articulated in *Zerbst v. Kidwell*, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 808 (1938):

>> Parole is intended to be a means of restoring offenders who are good social risks to society; to afford the unfortunate another opportunity by clemency—under guidance and control of the [parole] Board. Unless a parole violator can be required to serve some time in prison in addition to that imposed for an offense committed while on parole, he not only escapes punishment for the unexpired portion of his original sentence, but the disciplinary power of the Board will be practically nullified. 304 U.S. at 363, 58 S.Ct. at 874.

> We see no reason to adopt a presumption which would have the effect of rewarding one who uses release on parole as an opportunity to commit further crimes.

[¶ 23] Following *Loper*, we decided *Pearson v. State*, 866 P.2d 1297 (Wyo.1994). In *Pearson*, the defendant was on parole when he was convicted of a new crime. The sentencing court for the new crime was silent as to whether the new sentence should run consecutively to or concurrently with the parole sentence in the event parole was revoked. The defendant filed a motion to correct the sentence claiming that his sentences should run concurrently. His motion was denied and he appealed. Again this court held that "if no specification is made as to whether multiple sentences are concurrent or whether they are consecutive, the sentences will be deemed to be consecutive whether they are imposed in the same case, in different cases, or by different courts." *Pearson*, at 1299.

[¶ 24] Thus it is clear, in the face of a sentencing court's silence regarding the timing of multiple sentences, Wyoming recognizes a presumption of consecutive sentences. Given this case's similarities to the above-mentioned cases, I cannot conclude that it was error for the district court to consider this presumption. The majority appears to distinguish *Apodaca*, *Pearson*, and *Loper* from the facts of this case in several ways. I am unable to agree, however, that these distinctions are sufficient to find traction for a different result.

[¶ 25] The majority first determines that if this court believed the presumption of consecutive sentences should apply, we could have applied it without remanding to the district court. In *Apodaca* and *Pearson*, the trial courts denied motions by the defendants to change their sentences to run concurrently where the sentence itself was silent and the prison was treating their sentences as consecutive. In both cases, we upheld the denial by the trial courts. In *Loper*, although that defendant utilized a writ of certiorari to attain review by this court, we again reached a similar result. Moreover, it should be recognized that, as a result of this court's determination in *Loper*, Loper served consecutive sentences without further order from the trial court either confirming or overturning the decision rendered by the parole board.

[¶ 26] In this case, appellant originally came before this court by way of a writ of habeas corpus which was converted to a petition for writ of review. This case did not involve a direct appeal from action taken by the district court; therefore, we requested the district court make a ruling so we could, in fact, review the action. Accordingly, the matter was remanded for that purpose, and the trial court performed the necessary review. While the district court certainly was not required to apply the consecutive presumption, it is not error that it considered the presumption in making its determination given the wide discretion sentencing courts have in these matters.

[¶ 27] The majority next concludes that the original sentencing court clearly did not intend for the consecutive presumption to apply because it expressly declined to make such a determination. The original sentencing court stated that it could not make the determination because the parole had not yet been revoked and that if it were revoked the parole board could make that determination. Obviously, the original sentencing court was incorrect in delegating its judicial function to the parole board. However, in *Apodaca, Pearson,* and *Loper,* in the face of a silent designation, prison officials essentially determined that the sentences should be served consecutively. This court affirmed those executive branch determinations by applying the consecutive presumption. Creating a vacuum by not performing a judicial function does not translate into intent of the judicial officer when the vacuum is then filled by others. The only difference between *Apodaca, Pearson, Loper,* and this case is that the original sentencing court specifically stated that the parole board would make that decision. While such a delegation was incorrect, appellant has received a full review and a judicial determination of his sentence by the district court, which is more than the defendants in *Apodaca, Pearson,* and *Loper* received.

[¶ 28] The majority also discusses the prosecutor's failure on remand to focus his argument on factors that counsel in favor of consecutive sentences. The majority points to the prosecutor's attack on the parole board and references to the seriousness of the crime for which appellant was originally charged. I am not convinced that the prosecutor's comments regarding the parole board have any relevance to whether the district court abused its discretion. Furthermore, the circumstances affecting sentencing were presented to the original sentencing court. The district court reviewed a transcript of those entire proceedings. After review, the district court stated that it believed that the facts established by that transcript indicated that the sentences should be consecutive.

[¶ 29] Lastly, we must keep in mind that in this case the district court was simply asked to correct the sentence by designating whether the sentences were to be served concurrently or consecutively. It was not asked to resentence the appellant or to make specific findings. Indeed, Wyoming law does not specifically require a trial court to render specific findings in sentencing matters. Nor does Wyoming law require a specific finding of aggravating circumstances in order to impose consecutive sentences as is suggested by the majority's reference to the *Sentencing Guide for State Trial Judges* in ¶ 13. Rather, we have stated, "separate penalties will ordinarily be exacted upon convictions for distinct offenses." *Tilley v. State,* 912 P.2d 1140, 1142 (Wyo.1996) (quoting *Kennedy v. State,* 595 P.2d 577, 577 (Wyo.1979)). I do agree with the majority that it is comforting to have basic findings made by a trial court when we set about to review the trial court's conclusion with an abuse of discretion standard. However, the absence of these specific findings does not definitively indicate an abuse of discretion.

[¶ 30] Thus, I would find that the district court simply applied Wyoming law after a review of the trial and sentencing transcript. The district court could reasonably conclude as it did and did so without acting arbitrarily or capriciously. I would hold, therefore, that the actions of the district court were correct, and no abuse of discretion occurred. To do otherwise results in the unnecessary erosion of well-established and well-reasoned Wyoming case authority.