**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 20, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHESTER L. BIRD,

     Petitioner - Appellant,

v.

EDDIE WILSON, Warden, Wyoming
State Penitentiary,

     Respondent - Appellee.

No. 16-8001
(D.C. No. 2:15-CV-00153-NDF)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

    Chester Bird seeks to appeal the district court's denial of his federal habeas

corpus petition, which he filed under 28 U.S.C. § 2241. Because all of Bird's claims

are either untimely or not cognizable under federal law, we deny Bird a certificate of

appealability (COA).

    In 1994, a Wyoming court sentenced Bird to two life sentences after he pled

guilty to sexual assault and kidnapping while on parole. The court ordered the

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

sentences to run concurrently with each other but didn't state whether Bird would serve those sentences consecutively to, or concurrently with, a prior sentence that was reinstated upon the revocation of Bird's parole.

In 2014, Bird filed a motion to correct illegal sentence in state district court. In 2015, the court denied the motion in part and granted it in part, crediting Bird with 37 days of time served in presentence confinement. It also clarified that Bird's concurrent life sentences were to run consecutively to the sentence reinstated upon the revocation of his parole, noting that "the presumption is that the sentences are to be served consecutively" when the sentencing court is silent about the matter. R. vol. 1, 89 (quoting *Apodaca v. State*, 891 P.2d 83, 85 (Wyo. 1995)).

After the Wyoming Supreme Court affirmed, Bird sought relief in federal court under § 2241. The federal district court dismissed Bird's claims as untimely, procedurally barred, and not cognizable under federal law. Bird filed a pro se[1] notice of appeal, which we construe as a request for a COA. *See* 10th Cir. R. 22.1(A); *see also Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) (holding that state prisoner must obtain COA to appeal denial of § 2241 petition).

When a district court denies a petition on procedural grounds, we may issue a COA only if the petitioner shows "that jurists of reason would find it debatable

---

[1] Because Bird proceeds pro se, we construe his brief liberally. *See Eldridge v. Berkebile*, 791 F.3d 1239, 1243 n.4 (10th Cir. 2015). But we won't act as his advocate by formulating arguments or scouring the record on his behalf. *See id.*

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, the district court determined that Bird's time for filing his § 2241 petition expired in 1997 and therefore dismissed his 2015 petition as untimely. *See* 28 U.S.C. § 2244(d)(1) (setting one-year time limit to file habeas petition); *Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006) (concluding that § 2244(d)(1)'s time limit applies to state prisoner's § 2241 petition challenging administrative decision). Bird argues this was error. He contends that the state district court resentenced him when it ruled on his motion to correct illegal sentence and, consequently, § 2244(d)(1)'s one-year time limit restarted in 2015. *See Hepburn v. Moore*, 215 F.3d 1208, 1209 (11th Cir. 2000) (holding that § 2244(d)(1)'s time limit runs from date resentencing order becomes final). Thus, Bird insists, his 2015 petition was timely.

But we see no indication that the state district court resentenced Bird in 2015. In fact, the Wyoming Supreme Court expressly rejected Bird's argument that the state district court imposed a new sentence on that date. *See Bird v. State*, 356 P.3d 264, 269 (Wyo. 2015) (concluding that state district court "merely clarified that the presumption of consecutiveness applied to [Bird's] sentences"); *see also United States v. Cage*, 451 F.3d 585, 590 (10th Cir. 2006) (distinguishing between new

3

sentence and "clarification of the original sentence"), *overruled on other grounds by Gall v. United States,* 552 U.S. 38 (2007).

In any event, even if we assume that the 2015 decision clarifying Bird's sentence constituted a resentencing, that resentencing only restarted § 2244(d)(1)'s one-year time limit for new claims originating from that resentencing. *See Prendergast v. Clements*, 699 F.3d 1182, 1186-87 (10th Cir. 2012) (noting that we apply one-year time limit on a claim-by-claim basis and rejecting argument that resentencing revives all claims in habeas petition); *Hepburn*, 215 F.3d at 1209 (refusing to "require a prisoner to raise claims before they arise, including claims that originate in the context of resentencing"). Here, all but one of Bird's claims derive from administrative decisions made in 1994. Thus, we agree these claims are untimely. *See Prendergast*, 699 F.3d at 1186-87; *Dulworth*, 442 F.3d at 1268.

The only claim in Bird's petition that arises from his 2015 "resentencing" is his claim that he didn't receive an opportunity for allocution at that time. *See* Wyo. R. Crim. P. 32(c)(1)(C) (requiring sentencing court to "[a]ddress the defendant personally and determine if the defendant wishes to make a statement"). But our review is limited to claims that allege constitutional violations. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). And we have held that there is no constitutional right to allocution.

4

*See United States v. Smith*, 705 F.3d 1268, 1274 (10th Cir. 2013). Thus, even if we assume Bird's allocution claim is timely, it's not cognizable under federal law.

In short, reasonable jurists wouldn't debate whether the district court correctly dismissed all but one of Bird's claims as untimely. Nor would they debate whether Bird's petition—stripped of untimely claims—"states a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484. Accordingly, we deny Bird's request for a COA and dismiss this appeal.

Entered for the Court


Nancy L. Moritz
Circuit Judge
